TOWNSEN, APPELLANT, *v.* TOWNSEN, APPELLEE, ET AL.

(No. 4435—Decided May 12, 1954.)

Mr. *Vernon Weygandt,* for appellant.
Mr. *E. F. Mooneyham,* for appellee.

STEVENS, J. On July 25, 1947, in a divorce action between the parties hereto, a divorce was granted to the plaintiff, the custody of their minor son, Melvin, was awarded to her, and a separation agreement between the parties was incorporated into the decree of the court.

That agreement of the parties, which became a portion of the order of the court, provided in part:

"* * * William E. Townsen shall pay for his" (Melvin's) "support the amount of twelve dollars ($12) per week during said child's minority, so long as he remains gainfully employed at approximately the same wages as he is now earning. However, in the event William E. Townsen becomes sick, disabled, unemployed or unable to work because of labor disputes or other unemployment conditions, over which he has no personal control, such amount of weekly support heretofore mentioned shall, under such circumstances and while so existing, be agreed,

if possible, between the parties hereto, otherwise to be fixed during such time by the court.''

Payments for Melvin's support were made in compliance with the order of the court.

On October 17, 1953, William E. Townsen filed an amended motion, wherein he stated that Melvin became 18 years of age on April 29, 1953, and ''that said Melvin Townsen is now, and has been for approximately three months last past, gainfully employed, and is now earning approximately $55 per week, and has been and is self-supporting.'' The defendant further alleged that said minor has been emancipated. Defendant then moved the court for modification of the decree entered on July 25, 1947, by ordering suspension of the payments for Melvin's support, while said minor is gainfully employed or is self-supporting.

The matter came on to be heard before the Court of Domestic Relations, and on November 20, 1953, the court entered the following order:

''This cause came on to be heard upon the defendant's amended motion for modification of the former order of this court with respect to payments for the support of Melvin Townsen, minor son of the parties, the evidence, and the statements and briefs of counsel, upon consideration whereof the court finds that said Melvin Townsen is gainfully employed and emancipated, and orders that said amended motion to modify be and the same is hereby sustained; that the defendant, father of said Melvin Townsen, be and is hereby released from further payment under the former order of the court, but the court reserves jurisdiction to entertain a further motion for modification of the present order in the event the said status of said minor changes before he attains the age of twenty-one years.''

From that order, the plaintiff has appealed to this court on questions of law.

The evidence, as contained in the record of this proceeding, shows that the defendant, at the time of the hearing on his motion, was earning more than at the time of the entry of the decree, and that he was regularly employed.

Further, the evidence shows that Melvin, the minor child,

about July 1, 1953, secured employment, and was receiving substantial wages thereafter; that he secured his employment without the knowledge, consent or aid of either of his parents, who, when they learned of his procuring a job, interposed no objection to his working, although both were of the opinion that he should finish his schooling; that Melvin retains his earnings and spends them as he wishes; that for three weeks, Melvin, who lives with his mother, paid her $10 a week for board, until his father told him not to do so as long as he was paying Melvin's mother $12 a week for his (Melvin's) support; and that thereafter Melvin paid his mother nothing for board or room, but borrowed money from her with which to buy clothing for himself.

Upon the evidence contained in the record, the trial court found that the minor was emancipated, and relieved the defendant from further payments for his support, unless the status of the minor should change before he became 21 years of age.

It is the contention of the appellant that, because there was no express reservation of jurisdiction contained in the separation agreement incorporated into the decree of divorce, whereby the court retained jurisdiction to modify the amount of support to be paid for said minor, the court, under the pronouncement in *Tullis* v. *Tullis*, 138 Ohio St., 187, 34 N. E. (2d), 212, was without jurisdiction to reduce the unconditionally fixed amount stipulated in the decree, irrespective of the emancipation of the minor.

It will be observed that the decree of divorce here under consideration did not unconditionally fix the amount to be paid for the support of the minor. On the contrary, the court expressly reserved jurisdiction to reduce the amount awarded upon the happening of any of the contingencies stipulated in the decree.

To that extent, at least, this case differs from the *Tullis* *case, supra.* There is no mention made in the decree as to the consequences attendant upon the emancipation of the minor, if and when he became self-supporting.

The subject of emancipation is discussed in 30 Ohio Jurisprudence, Parent and Child, Section 50, as follows:

"If parents relinquish their control over their minor son and relinquish to him his earnings, they should not be chargeable with his support. The emancipation of a minor competent to support himself discharges his parents from their obligation to provide his support, but if he becomes unable to support himself, the parents' duty to support him revives."

See also: 67 Corpus Juris Secundum, Parent and Child, Section 86; 39 American Jurisprudence, Parent and Child, Section 66.

That the minor Melvin has been emancipated was determined by the trial court from the evidence, and we are unable to say that the finding of the court in that respect is manifestly against the weight of the evidence.

Since this case does not fall within the rule of the *Tullis case*, and since the minor is emancipated and self-supporting, it follows that, during the time, prior to his reaching 21 years of age, while he is employed and self-supporting, the parents are both relieved from the obligation of his support.

The trial court so found, and that judgment will be affirmed.

*Judgment affirmed.*

DOYLE, P. J., and HUNSICKER, J., concur.