RISSER, Appellee,

v.

RISSER, Appellant.

[Cite as Risser v. Risser, 173 Ohio App.3d 430, 2007-Ohio-4936.]

Court of Appeals of Ohio,
Third District, Hardin County.

No. 6–06–11.

Decided Sept. 24, 2007.

432

Teresa S. Glover, for appellee.

Michael J. Malone, for appellant.

PRESTON, Judge.

{¶ 1} Defendant-appellant, Van Risser, appeals the judgment of the Hardin County Court of Common Pleas granting a motion to dismiss the recommendation of the Child Support Enforcement Agency ("CSEA") to terminate child support for Grant Risser filed by plaintiff-appellee, Eileen Risser. For reasons explained, we reverse.

{¶ 2} On October 21, 1977, Van Risser and plaintiff-appellee, Eileen Risser (hereinafter "Eileen Risser"), were married. On December 21, 2005, the parties obtained a divorce.

{¶ 3} The divorce decree contained several stipulations, including that at the time of the divorce the parties had three children: "one (1) child is emancipated, one (1) child is unemancipated (Dustin Risser, DOB 3/23/89) and one (1) child is disabled (Grant Risser, DOB 6/23/84)."

{¶ 4} On February 21, 2006, Van Risser filed a motion for contempt against Eileen Risser alleging that his visitation rights were violated. On May 24, 2006, the trial court withdrew the motion for contempt and reasoned that "since the pre-trial hearing of April 5, 2006, the Defendant has begun visitation with Dustin Risser and that the Court could not order visitation for Grant Risser due to his being emancipated."

{¶ 5} On June 14, 2006, CSEA filed a recommendation with the Hardin County Court of Common Pleas recommending that Grant Risser's child support be terminated effective May 28, 2006, when he received his high school diploma. CSEA's recommendation specifically relied on the court's May 24, 2006 finding that Grant Risser was emancipated for purposes of visitation.

{¶ 6} On June 25, 2006, Eileen Risser filed objections to CSEA's recommendation. On July 11, 2006, she filed a Civ.R. 12(B)(6) motion to dismiss the recommendation, arguing that CSEA was without authority to emancipate Grant since he was adjudged disabled by a court. On July 18, 2006, CSEA filed a response arguing that it had the authority and responsibility to emancipate Grant, since he obtained his high school diploma and the divorce decree had not found that Grant was "disabled" within the meaning of R.C. 3119.86.

{¶ 7} On July 25, 2006, a magistrate granted the motion to dismiss and overruled Van Risser's objections. The magistrate found that the child support should be continued since Van Risser had not presented evidence that Grant's disability had been removed. On August 8, 2006, Van Risser filed his objection to the magistrate's decision.

{¶ 8} On October 10, 2006, the common pleas court adopted the magistrate's decision and ordered that Grant's child support be continued until such time as Van Risser can demonstrate that Grant could support or sustain himself.

{¶ 9} Van Risser now appeals from the common pleas court judgment and asserts one assignment of error.

## ASSIGNMENT OF ERROR NO. I

The Trial Court Erred in Granting Mrs. Risser's Civ.R. 12(B)(6) Motion to Dismiss Hardin County CSEA's Recommendation to Emancipate Grant Risser Upon His Obtaining His Diploma From High School.

{¶ 10} We review Civ.R. 12(B)(6) motions to dismiss de novo. *Davidson v. Davidson*, 3d Dist. No. 17–05–12, 2005-Ohio-6414, 2005 WL 3274853, ¶ 8, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 4–5. To determine whether a motion to dismiss should be granted, we accept all factual allegations in the complaint as true. Id., citing *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. " 'In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R.12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' " Id., quoting *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

{¶ 11} Van Risser argues that the trial court incorrectly relied on the divorce decree stipulation identifying Grant Risser as "disabled" when dismissing CSEA's recommendation. Eileen Risser argues that the court correctly reasoned that it had jurisdiction for child support, since the parties did, in fact, stipulate that Grant was disabled and stipulate to child support. Eileen Risser's arguments lack merit for two reasons.

{¶ 12} First, the parties stipulated to support Grant after he had obtained majority, but not necessarily after he was emancipated.[1] Adopting the magis-

---

1. As an initial matter, we note that the language of the divorce decree stipulations does not expressly state that Van Risser agreed to support Grant beyond the age of majority. Rather, the trial court inferred an agreement because (1) Grant was over the age of majority at the time of the divorce decree and (2) Grant was listed as a recipient of child support in the divorce decree.

trates order dismissing CSEA's recommendation to terminate child support for Grant, the trial court stated: "[Van Risser] ignores the fact that as permitted by R.C. 3119.86(A)(1)(b) he agreed to pay child support for his son Grant, who already attained the age of majority and was disabled at the time."

{¶ 13} Parties are permitted to stipulate to child support beyond the age of majority pursuant to a separation agreement that was incorporated into the divorce decree or dissolution. R.C. 3119.86(A)(1)(b). However, even if we assume that the parties did, in fact, stipulate to support Grant beyond majority, that fact is not dispositive in this case.

{¶ 14} The terms "emancipation" and "majority" are not synonymous. Emancipation is not susceptible of a finite definition; however, it generally refers to "the freeing of a * * * child from parental control." *In re Owens* (1994), 96 Ohio App.3d 429, 432, 645 N.E.2d 130; *Siefker v. Siefker* (Oct. 23, 1997), 3d Dist. No. 12–97–09, 1997 WL 658995, at *2. Black's Law Dictionary defines emancipation as:

> 2. A surrender and renunciation of the correlative rights and duties concerning the care, custody, and earnings of a child; the act by which a parent (historically a father) frees a child and gives the child the right to his or her own earnings. This act also frees the parent from all legal obligations of support. Emancipation may take place by agreement between the parent and child, by operation of law (as when a parent abandons or fails to support the child), or when the child gets legally married.

(7th Ed.Rev.) 539. Emancipation generally discharges a parent's duty to pay child support. See *Townsen v. Townsen* (1954), 101 Ohio App. 85, 88, 1 O.O.2d 49, 137 N.E.2d 789; *Price v. Price* (1983), 12 Ohio App.3d 42, 43, 12 OBR 129, 465 N.E.2d 922; *Pelchat v. Pelchat* (Sept. 5, 1986), 6th Dist. No. L–86–074, 1986 WL 9581, at *4; Black's Law Dictionary (7th Ed.Rev.) 539. "[T]he question as to when a child is emancipated so as to relieve a parent from the obligation of support depends upon the particular facts and circumstances of each case." *Price*, 12 Ohio App.3d at 43, 12 OBR 129, 465 N.E.2d 922.

{¶ 15} The term "majority" is synonymous with the phrase "age of majority," which is defined as 18 years of age or older. R.C. 3109.01; *Havel v. Chapek*, 11th Dist. No. 2004–G–2609, 2006-Ohio-7014, 2006 WL 3833871, ¶ 44. See also Black's Law Dictionary (7th Ed.Rev.) 966 ("The status of one who has attained the age of majority (usu. 18)"). Consequently, a child may reach majority but not yet be emancipated or be emancipated but not yet at the age of majority. In other words, the terms emancipated and majority, although correlated, are legally distinct terms.

{¶ 16} At the time of the divorce decree stipulations in the case sub judice, Grant had obtained the age of majority but was not "emancipated,"

because Grant was still living at home and finishing his high school education. It is perfectly consistent with the stipulation language, and more important, the law, that the parties intended to support Grant while he was over the age of majority and still finishing high school, but not after he was emancipated. R.C. 3103.03(B); *Swanson v. Swanson* (1996), 109 Ohio App.3d 231, 236–37, 671 N.E.2d 1333; *Diamond v. Diamond,* 11th Dist. No. 2002–T–0113, 2003-Ohio-3548, 2003 WL 21517985, ¶ 11.

{¶ 17} However, on May 24, 2006, subsequent to the stipulations, the trial court made the following finding: "The court finds that since the pre-trial hearing of April 5, 2006, the Defendant has began visitation with Dustin Risser *and that the Court could not order visitation for Grant Risser due to his being emancipated.*" (Emphasis added.) As we have explained, the terms "majority" and "emancipation" are not synonymous; thus, the agreement between the parties to pay support for Grant beyond the age of majority is irrelevant. The trial court's subsequent finding that Grant was emancipated is controlling as it relates to the parties' stipulation agreement.

{¶ 18} We, therefore, find that the trial court's subsequent finding that Grant was emancipated is controlling, and, therefore, the trial court erred when it dismissed CSEA's recommendation.

{¶ 19} Second, a finding of emancipation is applicable to both visitation and child support. In its decision, the trial court reasoned that emancipation for purposes of visitation is distinct from emancipation for purposes of parenting time; therefore, its judgment entry finding that Grant was emancipated only applied for visitation purposes. In support of its decision, the trial court cited *Davis v. Davis* (1988), 55 Ohio App.3d 196, 563 N.E.2d 320, and *Fuller v. Fuller* (June 14, 2000), 4th Dist. No. 99CA04, 2000 WL 807224. Those cases both stand for the general proposition that "[o]rdinarily, child support and visitation are independent matters." *Fuller,* 4th Dist. No. 99CA04, 2000 WL 807224, at *2, citing *Davis,* 55 Ohio App.3d at 199, 563 N.E.2d 320. However, those cases did not involve emancipation.

{¶ 20} The *Davis* case involved a father who failed to pay child support and a mother who, thereafter, denied the father visitation. The court found that the father's child-support payment was not contingent upon his right to visitation. The court explained that "the obligation to provide support does not depend upon the availability of visitation. In some circumstances, a noncustodial parent may have a duty to provide support but no privilege to visit the child." Id. at 200, 563 N.E.2d 320.

{¶ 21} Likewise in *Fuller,* the father alleged that his child support should be modified, since the mother did not allow him visitation while he was incarcerated.

4th Dist. No. 99CA04, 2000 WL 807224, at *2. The court denied his claim for child-support reconsideration, in part, citing *Davis's* proposition that "[o]rdinarily, child support and visitation are independent matters." Id. Again, emancipation was not an issue in the case.

{¶ 22} The trial court, in this case, analogized from *Davis* and *Fuller's* proposition that "child support and visitation are independent matters" to the proposition that "emancipation for purposes of child support * * * and emancipation for purposes of parenting time are independent issues." *Davis* and *Fuller* do not produce this rule, nor do we agree that their dicta should be applied to the issue of emancipation. Further, we have not found any case that holds or supports the proposition that emancipation can be applied differently to child support than to visitation.

{¶ 23} Therefore, we hold that if a child is emancipated for purposes of visitation, the child is, likewise, emancipated for purposes of child support.

{¶ 24} For these reasons, we reverse the trial court's decision to dismiss CSEA's recommendation to terminate child support for Grant.

{¶ 25} Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

ROGERS, P.J., and SHAW, J., concur.