[Cite as *Cleveland v. Olivares*, 197 Ohio App.3d 78, 2011-Ohio-5271.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96314**

## THE CITY OF CLEVELAND,

APPELLANT,

v.

## OLIVARES,

APPELLEE.

### JUDGMENT:
### REVERSED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 10 TRD 48420

**BEFORE:**  Jones, P.J., Cooney, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**  October 13, 2011

**ATTORNEYS:**

Barbara A. Langhenry, Interim Director of Law, Victor R. Perez, Chief City Prosecuting Attorney, and Karrie D. Howard, Assistant City Prosecuting Attorney, for appellant.

John A. Hickey, for appellee.

LARRY A. JONES, Judge.

{¶ 1}  Plaintiff-appellant, the city of Cleveland, appeals the trial court's granting of defendant-appellee's, Sandra Olivares's, motion to dismiss.  For the reasons that follow, we reverse.

{¶ 2}  On July 24, 2010, Olivares was pulled over by a Cleveland police officer for running a red light.   When the officer requested her driver's license, she presented a driver's license from the Republic of El Salvador and an international driver's permit, both of which had not yet expired.  The officer cited Olivares for a violation of Cleveland Codified Ordinances ("C.C.O.") 435.01, which prohibits driving without a valid driver's license, a first-degree misdemeanor, and C.C.O. 413.03, a traffic-control violation, a minor misdemeanor.

{¶ 3}  Olivares filed a motion to dismiss in municipal court, arguing that she was driving with a valid license from El Salvador and was not required to have an Ohio driver's license because she is not an Ohio resident.   The city responded, alleging that Olivares's international driver's permit may have been forged.   The trial court held a hearing on the motion to dismiss.

{¶ 4}  On December 16, 2010, the trial court granted Olivares's motion to dismiss. In its journal entry issued the same day, the trial court marked the dismissal of the C.C.O. 435.01 violation "nolle," and noted that the "court opinion of 7 pages is incorporated herein by reference."   On January 11, 2011, the trial court issued another journal entry,

indicating that the violation of C.C.O. 413.03 was also nolled. On January 13, 2011, the trial court issued another journal entry, which stated, "Corrected [journal entry.] Case was dismissed in response to motion[,] not a nolle by prosec[utor]."

{¶ 5} The city appealed and raises the following four assignments of error:

> I. Trial court erred in concluding that Ohio Revised Code §4507.04 does not apply to drivers from other countries.

> II. The trial court erred in granting defendant-appellee's motion to dismiss while there were genuine issues of fact to be resolved at trial.

> III. The trial court erred in concluding defendant-appellee is not a resident of Ohio.

> IV. The trial court erred in concluding that the 1949 United Nation[s] Convention on Road Traffic exempts defendant-appellee from securing an Ohio driver's license.

{¶ 6} Because the second assignment of error is dispositive, it will be discussed first. In the second assignment of error, the city argues that the trial court erred in granting Olivares's motion to dismiss.

{¶ 7} We review a trial court's decision on a motion to dismiss pursuant to a de novo standard of review. *State v. Rode*, Portage App. No. 2010-P-0015, 2011-Ohio-2455, 2011 WL 2083983, citing *State v. Wendel* (Dec. 23, 1999), Geauga App. No. 97-G-2116, 1999 WL 1332193. A de novo standard of review affords no deference to the trial court's decision, and the appellate court independently reviews the record. *Gilchrist v. Gonsor*, Cuyahoga App. No. 88609, 2007-Ohio-3903, 2007 WL 2206701, at ¶ 16.

{¶ 8} A motion to dismiss challenges the sufficiency of the indictment or

complaint. If the motion to dismiss requires examination of evidence beyond the face of the complaint, it *must* be presented as a motion for acquittal under Crim.R. 29 at the close of the prosecution's case. *Rode*, citing *State v. Varner* (1991), 81 Ohio App.3d 85, 86, 610 N.E.2d 476 " 'A motion to dismiss tests the sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced at trial. * * * A pretrial motion must not involve a determination of the sufficiency of the evidence to support the indictment. If the indictment is valid on its face, a motion to dismiss should not be granted.' " *State v. Caldwell*, Cuyahoga App. No. 92219, 2009-Ohio-4881, 2009 WL 2964370, ¶ 3, quoting *State v. Preztak*, 181 Ohio App.3d 106, 2009-Ohio-621, 907 N.E.2d 1254, ¶ 12. Moreover, "[t]he Ohio Rules of Criminal Procedure * * * do not allow for 'summary judgment' * * * prior to trial." *Varner* at 86.[1]

{¶ 9} In her motion to dismiss, Olivares claimed that the complaint against her should be dismissed because she had a valid foreign driver's license, which permitted her to operate a motor vehicle within the state of Ohio. In support of her motion, Olivares attached photocopies of her Salvadoran driver's license, an Ohio insurance card issued to "Jhomyls Adames," and an international driver's permit listing Olivares's Cleveland address.

{¶ 10} During the hearing on the motion to dismiss, the trial court heard arguments from both parties and testimony from a representative of the Ohio Bureau of Motor

---

[1] Although traffic tickets are covered by Ohio's Uniform Traffic Rules, Traf.R. 20 provides that the Rules of Criminal Procedure apply if no specific procedure is prescribed by the traffic rules.

Vehicles. After the motion hearing, the trial court issued a lengthy opinion with the following specific findings and conclusions: (1) Olivares was not a resident of Ohio, (2) Olivares was exempt from having an Ohio driver's license pursuant to R.C. 4507.04, (3) Olivares was exempt from securing an Ohio driver's license based on the Geneva Convention, and (4) Ohio law does not require Olivares to have an international driving permit. These findings necessarily relied on information that was outside the face of the complaint.

{¶ 11} We find this court's decision in *Caldwell* to be instructive, although that case dealt with a different issue (registration under the Adam Walsh Act). In *Caldwell*, 2009-Ohio-4881, this court found that the defendant's motion to dismiss questioned "the state's ability to prove the indictment, which implicitly alleged that appellee did have a duty to register. Appellee does not contend that the indictment, on its face, fails to charge an offense, but rather that the state cannot prove that he committed the offense charged. Therefore, the common pleas court erred by dismissing the indictment at this early stage of the proceedings." *Id.* at ¶ 4.

{¶ 12} Likewise, in this case, Olivares claims that the city cannot prove that she committed the offense with which she was charged. Even if the city is ultimately unable to prove the offense, the trial court erred by making factual findings and dismissing the complaint against Olivares based on her motion to dismiss. The trial court impermissibly took into consideration evidence that was outside the face of the traffic ticket and used the evidence to render its decision. For example, the complaint stated that Olivares was an "Ohio resident since 8/20/08," but the trial court made the specific

finding that Olivares was not a state resident. Additionally, at the motion hearing, the city's prosecutor alleged that Olivares's Salvadoran driver's license was forged; the prosecutor asked for a continuance to investigate the authenticity of the license. But the trial court explicitly found that Olivares's foreign license was valid; that finding could not have been made from considering only the traffic ticket.

{¶ 13} The trial court's findings were based on evidence outside the complaint. Thus, the trial court erred in granting the motion to dismiss.

{¶ 14} As an additional matter, the trial court erred in entering a nolle on the C.C.O. 413.03 charge. Although it may be a mere clerical error, the trial court still erred in entering the nolle on its journal entry. Thus, that charge is still pending.

{¶ 15} The city's second assignment of error is sustained. The other assignments of error are moot. See App.R. 12(A)(1)(c).

{¶ 16} Accordingly, the judgment is reversed, and the case is remanded for proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

COONEY and GALLAGHER, JJ., concur.