[Cite as *State v. Bauer*, 2014-Ohio-2980.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100438

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LOUIS BAUER

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-07-495906

**BEFORE:** Kilbane, J., Rocco, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 3, 2014

**ATTORNEY FOR APPELLANT**

John T. Castele
The Rockefeller Building, Suite 13
614 West Superior Avenue
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
James M. Price
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1}   Defendant-appellant, Louis Bauer, appeals from his no contest plea to operating a motor vehicle under the influence of alcohol ("OMVI"), and challenges the denial of his motion to dismiss a furthermore specification that alleged a prior conviction. Having reviewed the trial court record, transcripts, and relevant case law, we affirm.

{¶2}   On May 10, 2007, Louis Bauer was charged with two counts of OMVI, for operating a motor vehicle under the influence of alcohol and for driving with a prohibited breath-alcohol level. Both counts also contained three furthermore specifications alleging that the defendant had been convicted of driving under the influence of alcohol, or an equivalent offense, on June 13, 2003 and June 16, 2003, in Rocky River Municipal Court, and on January 14, 2003 in Avon Lake Municipal Court. The furthermore specifications therefore elevated the 2007 charges to fourth-degree felonies. R.C. 4511.19(G)(1)(d). Defendant denied the charges and the matter was set for trial on December 17, 2007. On that date, according to the trial court's journal entry, "defendant was present for part of the morning but left before trial commenced." A capias was issued for him, and on May 13, 2008, his bond was forfeited.

{¶3}   After almost six years, the defendant, a resident of Virginia, turned himself in to the trial court on February 11, 2013.[1] On April 25,2013, he filed a motion to dismiss the furthermore specification pertaining to the January 14, 2003 conviction from

---

[1]The record suggests that the defendant pled guilty to the 2003 charges in Rocky River Municipal Court in 2013.

Avon Lake Municipal Court, and complained that it was uncounseled and resulted in confinement, so it could not be used to enhance the 2007 offense. In opposition, the state asserted that according to a videotape of the event, which was not presented to the trial court and has not been provided as part of the record on appeal, defendant waived his right to counsel after learning that he was not eligible for appointed counsel. In addition, defendant signed a waiver-of-rights form in which he waived his right to an attorney and other rights, prior to his conviction in the Avon Lake Municipal Court matter. This form identifies a defendant's rights under Crim.R. 11 and additionally states:

> A conviction in this matter may be used at a future date to enhance the degree of a future conviction.
>
> * * *
>
> The Court, pursuant to Crim.R. 11, entered into a meaningful discussion with me regarding my rights. I have heard and responded to the Court about my rights. I hereby knowingly, intelligently, and voluntarily waive my rights as explained to me[.]

{¶4} On May 20, 2013, the trial court denied the motion to dismiss the furthermore clause pertaining to the Avon Lake Municipal Court conviction, and concluded that the defendant knowingly, intelligently, and voluntarily waived his right to counsel. In relevant part, the court held that the defendant executed a written waiver of counsel in the Avon Lake Municipal Court proceedings and the signed, journalized waiver of counsel explicitly advised him that a "conviction in this matter may be used at a future date to enhance the degree of a future conviction."

{¶5} On July 30, 2013, the defendant pled no contest on both charges, with the furthermore clauses. The court concluded that the offenses were allied offenses of

similar import, and the state elected to proceed to sentencing on the charge of driving with a prohibited breath-alcohol level. On August 26, 2013, the trial court sentenced the defendant to 120 days of imprisonment, one year of community control sanctions, and a three-year license suspension. On September 25, 2013, the trial court granted a stay of execution of sentence pending the outcome of the appeal. The defendant raises the following assignment of error for our review:

> The trial court erred in denying the defendant's motion to dismiss one of the furthermore clauses in the indictment which served to enhance the offenses of operating a motor vehicle while under the influence of alcohol and operating a motor vehicle with a prohibited [breath-] alcohol content from misdemeanors of the first degree to felonies of the fourth degree.

## Standard of Review

**{¶6}** Preliminarily, we note that a trial court's ruling on a motion to dismiss is subject to a de novo standard of review. *Cleveland v. Olivares*, 197 Ohio App.3d 78, 2011-Ohio-5271, 966 N.E.2d 285, ¶ 8 (8th Dist.); *State v. Lewis*, 11th Dist. Lake No. 2009-L-138, 2010-Ohio-4288, ¶ 24. A de novo standard of review affords no deference to the trial court's decision, and the appellate court independently reviews the record. *Olivares*.

## Furthermore Clause Alleging Prior Offense

**{¶7}** In general, an OMVI conviction is a first-degree misdemeanor. R.C. 4511.19(A)(1)(a) (driving under the influence of alcohol); 4511.19(A)(1)(d)(driving with a prohibited breath-alcohol concentration). However, R.C. 4511.19(G) provides for enhanced penalties for repeat offenders, and R.C. 4511.19(G)(1)(d) escalates the offense

to a fourth-degree felony if the offender has previously been convicted of three such offenses within six years, the "look back period." In such matters, the prior offense is an essential element of the subsequent offense and must be proved by the state. *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, *State v. Allen*, 29 Ohio St.3d 53, 54, 506 N.E.2d 199 (1987).

{¶8} In determining whether a prior conviction may properly enhance another offense under R.C. 4511.19(G), however, the *Brooke* court recognized that a conviction obtained against a defendant who is without counsel, or without a valid waiver of the right to counsel, and resulted in confinement, is constitutionally infirm. *Id*. at ¶ 11. The *Brooke* court stated:

> For purposes of penalty enhancement in later convictions under R.C. 4511.19, when the defendant presents a prima facie showing that prior convictions were unconstitutional because they were uncounseled and resulted in confinement, the burden shifts to the state to prove that the right to counsel was properly waived.

*Id*.

{¶9} Where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law, and a defendant must introduce evidence to the contrary in order to establish a prima facie showing of constitutional infirmity. *State v. Thompson*, 121 Ohio St.3d 250, 2009-Ohio-314, 903 N.E.2d 618, ¶ 6. The court explained the standard of review as

follows:

> With respect to "uncounseled" pleas, we presume that the trial court in the prior convictions proceeded constitutionally until a defendant introduces evidence to the contrary. Thus, we conclude that for purposes of penalty enhancement in later convictions under R.C. 4511.19, after the defendant presents a prima facie showing that the prior convictions were unconstitutional because the defendant had not been represented by counsel and had not validly waived the right to counsel and that the prior convictions had resulted in confinement, the burden shifts to the state to prove that the right to counsel was properly waived.

**{¶10}** The *Thompson* court further explained that the defendant cannot establish a prima facie showing that the prior plea was uncounseled merely by establishing that he or she had been convicted without representation. The *Thompson* court held:

> For one thing, it is beyond dispute that a person has a constitutional right to represent himself or herself; therefore, it is not possible to establish a constitutional infirmity merely by showing that a person did not have counsel. *See* Section 10, Article I, Ohio Constitution; *State v. Gibson* (1976), 45 Ohio St.2d 366, 74 Ohio Op. 2d 525, 345 N.E.2d 399, paragraph one of the syllabus. Furthermore, in *State v. Brandon* (1989), 45 Ohio St.3d 85, 543 N.E.2d 501, syllabus, we stated, "Where questions arise concerning a prior conviction, a reviewing court must presume all

underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity."

{¶11} In this matter, the defendant asserted that he did not have counsel in the Avon Lake Municipal Court matter and served 90 days in jail. In opposition, the state presented compelling evidence that the defendant signed a waiver-of-rights form in which he waived his right to an attorney, and other rights, prior to his conviction in the Avon Lake Municipal Court case. This form additionally states that a "conviction in this matter may be used at a future date to enhance the degree of a future conviction," and that the trial court "entered into a meaningful discussion with me regarding my rights. I * * * hereby knowingly, intelligently, and voluntarily waive my rights as explained to me[.]"

{¶12} The record herein was accurately summarized by the trial court as follows:

Exhibit C is a precis of the court's docket, apparently from its web site. It lists the defendant as being represented by [an attorney]. However, the state's exhibit 1 is a plea hearing form used by the court. On that form there is a line allowing the person completing the form to circle whether the defendant appeared "with/without" counsel, and nothing is circled. Another line on the form, for a defense attorney's signature is blank. Exhibit 2 from the state is the court's "explanation of rights" form. Additionally, on the body of the form, the defendant acknowledges by his signature that he "hereby knowingly, intelligently and voluntarily" waives his rights, including the right to counsel.

Based on this evidence, the court assumes, despite the one electronic docket notation to the contrary, that the defendant did not have an attorney at the January 14, 2003 plea hearing.

Upon signing the form[,] the defendant proceeded to plead guilty to driving under the influence, driving under suspension and reasonable control. It is difficult to decipher from the documents the precise sentence imposed.

However, it is clear that jail time was ordered (but possibly suspended) and it seems that the defendant was placed on probation [since a handwritten entry appears to mention "adult probation."] For the purpose of the pending motion the court will assume that actual incarceration was imposed.

* * * [H]ere, defendant does not question the state's ability to produce a certified copy, or other suitable evidence [pursuant to R.C. 2945.75(B)(1)], of the Avon Lake Municipal Court conviction.  Instead, he argues, in essence, that evidence of the Avon Lake conviction cannot be used against him because in that case he was unrepresented and did not validly waive his right to counsel.    * * *.

* * *    But there is no constitutional infirmity, and thus no reason to prohibit the prior conviction from increasing the level of offense in the current case, if the defendant waived his right to counsel in the Avon Lake case.

Where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima facie showing of constitutional infirmity.  *State v. Brandon*, 45 Ohio St.3d 85, at syllabus (1989).  The defendant has not produced any such evidence.  Bauer does argue that the lack of a full record of the Avon Lake proceedings makes it impossible to find that "an oral waiver in open court before a judge" took place there.  But since this court must presume the Avon Lake proceedings were lawful, an inability to produce a trial court record cannot be considered as evidence that the proceedings were contrary to law.  At most there is the absence of evidence, and it is Bauer who has the burden of producing evidence to make a prima facie showing that his conviction was constitutionally infirm.

Bauer does offer evidence in the form of Exhibit B, the on-line docket summary, to show "that the alleged waiver was never even docketed as a waiver."  That is meaningless since there is no requirement in the Ohio Rules of Criminal Procedure that a waiver of counsel be included in an on-line summary of the court's journal entries.  The record here is bare of any evidence contrary to the presumption that the Avon Lake Municipal Court proceedings were by the book.

On the other hand, there is record evidence in the form of the signed, journalized waiver of counsel — which included an explicit acknowledgment that "a conviction in the matter may be used at a future

date to enhance the degree of a future conviction" — that Bauer knowingly, intelligently and voluntarily waived his right to counsel before pleading guilty. A signature on a written waiver form is sufficient to demonstrate a knowing and intelligent waiver of the right to counsel. *City of Parma v. Romain*, 8th Dist. [Cuyahoga] No. 87133, 2006-Ohio-3952, ¶ 12.

Bauer's failure to show by evidence that he did not properly waive his right to counsel in Avon Lake justifies denying his motion. But a second ground to deny it is untimeliness. Criminal Rule 12(D) required Bauer to file his motion within 35 days of arraignment. He waited almost six years and has offered no reason to justify the late filing and avoid the automatic waiver of the issue under Criminal rule. 12(H).

{¶13} On this record, it is clear beyond dispute that Bauer filed his motion almost six years out of rule. It is also clear beyond dispute that Bauer signed a waiver of counsel that contained an explicit acknowledgment that "a conviction in the matter may be used at a future date to enhance the degree of a future conviction." This document further indicated that the trial court entered into a meaningful discussion of Bauer's rights under Crim.R. 11, that Bauer "heard and responded to the Court about my rights [and] hereby knowingly, intelligently and voluntarily waive my rights as explained to me pursuant to Crim.R. 11." On this record, and in light of our duty to presume that the Avon Lake Municipal Court proceedings were lawful, defendant's inability to demonstrate his claim of constitutional infirmity, there is no basis upon which to conclude that defendant's waiver of counsel was not knowingly and intelligently made. *State v. Caudill*, 10th Dist. Franklin No. 10AP-90, 2010-Ohio-5965, ¶ 10; *State v. Caskey*, 11th Dist. Lake No. 2010-L-014, 2010-Ohio-4697, ¶ 41; *State v. Mariano*, 11th Dist. Lake No. 2008-L-134, 2009-Ohio-5426, ¶ 18.

{¶14} Without addressing the issue of untimeliness, the defendant insists that his

waiver of counsel was invalid in accordance with the decision in *State v. Albert*, 2d Dist. Montgomery No. 23148, 2010-Ohio-110. We find *Albert* to be distinguishable from this matter. In that case, there was a verbatim transcript that demonstrated the court's colloquy was silent regarding the requirements for waiving counsel, so due to the insufficient dialogue, the defendant's written waiver was insufficient to establish a valid waiver of the right to counsel. In this matter, however, no verbatim transcript has been presented, and we are compelled to presume regularity in connection with the waiver. For that reason, this matter is governed by the principles outlined in *Brooke*, wherein the court held:

> There was no available transcript of Brooke's second DUI plea hearing held in the Willoughby Municipal Court. A court bailiff testified by affidavit that no oral record or transcript of the hearing existed because any such record had been disposed of in accordance with the court's "standard record retention policy." The state, however, produced a written "waiver of counsel" signed by Brooke at her plea hearing in the Willoughby conviction[.]
>
> * * * [W]e can presume from this written and filed entry, which is part of the record of her case, that the court accurately explained to Brooke that she was waiving her right to counsel on July 1, 1998. The court speaks through its journal entries. *Kaine v. Marion Prison Warden* (2000), 88 Ohio St.3d 454, 455, 2000-Ohio-381, 727 N.E.2d 907. Here the entry has recorded what occurred during the plea hearing of this misdemeanor. There is evidence that the court made a finding that the right to counsel was knowingly and voluntarily waived. We therefore determine that this uncounseled plea may be counted toward enhancing a later penalty.

*Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024.

{¶15} In accordance with the foregoing, the assignment of error is without merit.

{¶16} Judgment is affirmed; case is remanded for execution of sentence.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

KENNETH A. ROCCO, P.J., and
EILEEN T. GALLAGHER, J., CONCUR