[Cite as *State v. Hubbard*, 2018-Ohio-3627.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | : | **CASE NO. 2017-P-0042** |
| - vs - | : | |
| ROBERT C. HUBBARD, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2016 CR 00241.

Judgment: Reversed and vacated.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Kristen A. Kowalski*, 333 South Main Street, Suite 401, Akron, OH 44308 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Robert C. Hubbard, appeals from his convictions for Nonsupport of Dependents and the denial of his Motion to Dismiss the Indictment by the Portage County Court of Common Pleas. The issue to be determined by this court is whether an individual can be indicted for nonpayment of child support when the child is emancipated at the time the prosecution has commenced. For the following reasons, we reverse the judgment of the lower court and vacate Hubbard's convictions.

{¶2} On April 21, 2016, the Portage County Grand Jury issued an Indictment,

charging Hubbard with two counts of Nonsupport of Dependents, felonies of the fifth degree, in violation of R.C. 2919.21(A)(2) or (B). Both counts related to support of Hubbard's son, born on December 6, 1995. Count One alleged a violation occurring during the period of January 1, 2010 to December 31, 2011, and Count Two a violation during the period from January 1, 2012 through December 31, 2012.

{¶3} Hubbard filed a Motion to Dismiss on March 24, 2017, and a subsequent Memorandum in support, arguing that the Indictment should be dismissed pursuant to *State v. Pittman*, 150 Ohio St.3d 113, 2016-Ohio-8314, 79 N.E.3d 531, since the child had been emancipated and there was no current obligation for support. The State filed a Brief in Response, arguing that *Pittman* is distinguishable.

{¶4} On May 5, 2017, a hearing was held on the Motion to Dismiss, at which the parties orally argued their positions. The court denied the Motion and Hubbard proceeded to enter a plea of no contest to the two counts as charged in the Indictment. A signed written plea of no contest was filed on May 9, 2017. On the same date, a Judgment Entry was filed memorializing the court's acceptance of the plea.

{¶5} Following a sentencing hearing, the court issued a June 28, 2017 Order and Journal Entry, which sentenced Hubbard to a 60-month term of community control. A July 25, 2017 Order and Journal Entry Nunc Pro Tunc was issued to correct the misstatement that Hubbard had entered a guilty plea rather than a no contest plea.

{¶6} Hubbard timely appeals and raises the following assignment of error:

{¶7} "The trial court committed reversible error in denying defendant-appellant's motion to dismiss, by finding defendant guilty of non-payment of support, where defendant's child had emancipated, contrary to the Ohio Supreme Court holding

2

in *State v. Pittman* (2016), 150 Ohio St.3d 113."

{¶8} "A motion to dismiss an indictment tests the legal sufficiency of the indictment * * *." *State ex rel. Steffen v. Judges of the Court of Appeals for the First Appellate Dist.*, 126 Ohio St.3d 405, 2010-Ohio-2430, 934 N.E.2d 906, ¶ 34. "The sufficiency of an indictment is a legal question reviewed under a de novo standard." *State v. Blair*, 11th Dist. Portage No. 2012-P-0145, 2013-Ohio-3477, ¶ 14; *State v. Swanson*, 11th Dist. Ashtabula No. 2015-A-0006, 2015-Ohio-4027, ¶ 18 (a motion to dismiss an indictment is reviewed de novo).

{¶9} Hubbard argues that, pursuant to the Ohio Supreme Court's holding in *Pittman*, *supra*, a person who no longer has a current support order due to his child's emancipation is not subject to prosecution for nonpayment. We agree.

{¶10} R.C. 2919.21(A)(2) provides that "[n]o person shall abandon, or fail to provide adequate support to * * * [t]he person's child who is under age eighteen." Further, R.C. 2919.21(B) requires that "[n]o person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support."

{¶11} In *Pittman*, the Ohio Supreme Court addressed the question of when nonsupport charges may be brought against a defendant and determined that an individual is not subject to prosecution for failure to pay an arrearage following emancipation. The court explained: "R.C. 2919.21(B) is unambiguous. It criminalizes a person's failure to support—in the manner established by a court order—another person whom he is legally obligated to support. Because the statute uses the present tense in the phrase 'is legally obligated to support,' a person charged with a violation must be

3

under a *current* obligation to provide support." (Emphasis added.) 150 Ohio St.3d 113, 2016-Ohio-8314, 79 N.E.3d 531, at ¶ 18. It is noteworthy that R.C. 2919.21(A)(2) is also written in the present tense. Here, Hubbard was charged with failure to provide support in April 2016, when he was not subject to a "current" child support obligation, as his child had reached the age of 18 in December 2013 and graduated high school in June 2014.

{¶12} The State contends that the clear statement of law prohibiting prosecution following emancipation is distinguishable, since the *Pittman* case arose from nonpayment of support under an "arrearage-only" order while Hubbard's obligation arose from an existing support order. That distinction is of little import here, as it is evident the *Pittman* holding applies to bar prosecution in either instance.

{¶13} In addition to its analysis in relation to arrearage-only orders, the *Pittman* court also found that the defendant's "criminal liability for nonpayment of support ended on August 31, 2006, when his children were emancipated." *Id.* at ¶ 19. This conclusion related *not* to the arrearage-only order but to the defendant's obligation under the initial child support order. Pursuant to that logic, Hubbard's liability under the support order also ended when his child was emancipated, an event that occurred well before he was indicted.

{¶14} The concurring opinion in *Pittman*, subscribed to by three of the seven justices, helps to further clarify why *Pittman* does not apply solely to "arrearage-only" cases. The concurring opinion states: "While I concur in the judgment in this case, I write separately to note that prosecution under R.C. 2919.21 for the nonpayment of child support after a child reaches 18 years old is not prohibited in every case. On this

4

point, I respectfully disagree with the court's analysis." *Id.* at ¶ 24 (Lanzinger, J., concurring in judgment only). Specifically, this opinion disagreed with the conclusion that the defendant's criminal liability for support ended when the children were emancipated. It is apparent, then, that the concurring justices themselves believed the majority opinion in *Pittman*, which is binding authority this court must follow, was intended to apply to *all* cases involving nonpayment of child support. In fact, the concurring opinion further emphasized the belief that the filing of nonsupport charges under the original support order should be permitted within the six-year statute of limitations regardless of emancipation, citing R.C. 2919.21(A)(2), another indication that the majority's opinion did not intend such an outcome for *any* offense, including non-arrearage order cases. *See id.* at ¶ 27.

{¶15} Thus, reading the entire *Pittman* opinion in context, the majority's holding must be applied to the present scenario, where the charges against Hubbard were not brought until years after the child was emancipated. If the *Pittman* majority had intended for its holding to apply solely to arrearage-only orders, it would have been entirely unnecessary and superfluous for the concurring justices to write a separate opinion disagreeing with the majority's analysis and asserting that the court's holding should not apply "in every case."

{¶16} Based on the authority of *Pittman*, a conclusion that a defendant cannot be charged with criminal nonsupport following the emancipation of his children is warranted. As such, the trial court erred by denying the Motion to Dismiss, its judgment is reversed, and Hubbard's convictions are vacated.

{¶17} The sole assignment of error is with merit.

{¶18} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, entering convictions against Hubbard for Nonsupport of Dependents, is reversed and his convictions are vacated. Costs to be taxed against appellee.

TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶19} I respectfully dissent.

{¶20} An appellate court reviews a trial court's decision on a motion to dismiss de novo. *State v. Rode*, 11th Dist. Portage No. 2010-P-0015, 2011-Ohio-2455, ¶14. A motion to dismiss challenges the sufficiency of the indictment. *Cleveland v. Olivares*, 197 Ohio App.3d 78, 2011-Ohio-5271, ¶8 (8th Dist.) A motion to dismiss should not be granted if the indictment is valid on its face. *Id.*

{¶21} Appellant argues his child was emancipated in 2013 because the boy turned 18 years old on December 6, 2013. As a result, appellant alleges he no longer had an obligation to pay support. Thus, appellant posits the trial court erred in denying his motion to dismiss regarding the second count of the indictment which covered a period from January 1, 2012 to December 31, 2013.

{¶22} This writer notes that "[t]he terms 'emancipation' and 'majority' are not synonymous. Emancipation is not susceptible of a finite definition; however, it generally

6

refers to 'the freeing of a (* * *) child from parental control.' *In re Owens* (1994), 96 Ohio App.3d 429, 432 * * *; *Siefker v. Siefker* (Oct. 23, 1997), 3d Dist. No. 12-97-09, 1997 WL 658995, at *2. * * * Emancipation generally discharges a parent's duty to pay child support. See *Townsen v. Townsen* (1954), 101 Ohio App. 85, 88 * * *; *Price v. Price* (1983), 12 Ohio App.3d 42, 43 * * *; *Pelchat v. Pelchat* (Sept. 5, 1986), 6th Dist. No. L-86-074, 1986 WL 9581, at *4; Black's Law Dictionary (7th Ed.Rev.) 539. '(T)he question as to when a child is emancipated so as to relieve a parent from the obligation of support depends upon the particular facts and circumstances of each case.' *Price,* 12 Ohio App.3d at 43 * * *.

{¶23} "The term 'majority' is synonymous with the phrase 'age of majority,' which is defined as 18 years of age or older. R.C. 3109.01; *Havel v. Chapek,* 11th Dist. No. 2004-G-2609, 2006-Ohio-7014, * * * ¶44. * * * Consequently, a child may reach majority but not yet be emancipated or be emancipated but not yet at the age of majority. In other words, the terms emancipated and majority, although correlated, are legally distinct terms." *Risser v. Risser*, 173 Ohio App.3d 430, 2007-Ohio-4936, ¶14-15 (3d Dist.)

{¶24} Appellant is correct that his son had obtained the age of majority by turning 18 years old on December 6, 2013. However, appellant's son was not emancipated as he was still finishing his high school education and did not graduate until June 2, 2014. *See Risser, supra,* at ¶16 (holding that the father's son had obtained the age of majority but was not "emancipated" because his son was still living at home and finishing his high school education.)

**{¶25}** In addition, appellant relies on *Pittman* in support of his argument that the trial court erred in denying his motion to dismiss. In that case, the Ohio Supreme Court was called upon to answer the following certified-conflict question: "'Is a person subject to prosecution under R.C. 2919.21(B) for the nonpayment of an arrearage-only child support order when he or she has no current legal obligation to support the emancipated child?'" *Pittman, supra,* at ¶22. The Court answered that question in the negative. *Id.*

**{¶26}** The record in *Pittman* revealed that the defendant was under a 1988 order to pay child support for two children. *Id.* at ¶19. The defendant's criminal liability for nonpayment of support ended in 2006 when his children were emancipated. *Id.* The indictment alleged that the defendant violated R.C. 2919.21(B) between 2007 and 2009 but the defendant was not under a court order to support his children during that time. *Id.* The 2006 orders were not for support but rather granted judgments against the defendant for the arrearage amounts only. *Id.* Having failed to pursue criminal charges against the defendant's failure to meet his obligation under the 1988 order, the state was not permitted to prosecute under the 2006 arrearages order. *Id.* at ¶20.

**{¶27}** "[P]rosecution under R.C. 2919.21 for the nonpayment of child support after a child reaches 18 years old is not prohibited in every case." *Id.* at ¶24 (Lanzinger, J., O'Connor, C.J., and French, J., Concurring in Judgment Only with Opinion).

**{¶28}** Based on the facts presented in the instant matter, appellant's reliance on *Pittman* is misplaced. Unlike *Pittman*, this is not an arrearage-only case. In fact, appellant agrees that the order upon which the indictment was based was not an arrearage order, but rather a support order.

8

**{¶29}** This appeal arises from a two-count indictment charging appellant with violations of R.C. 2919.21(A)(2) or (B) between January 1, 2010 to December 31, 2011 (count one), and between January 1, 2012 to December 31, 2013 (count two), periods of time when appellant was still under a 2005 court order to support his child. Appellant concedes that he did not make child support payments during those time periods. Regarding the time period in count two, although appellant's son turned 18 years old on December 6, 2013, the boy was not emancipated as he was still finishing his high school education and did not graduate until June 2, 2014. *See Risser, supra,* at ¶16. The record establishes that appellant's child support obligations terminated on June 1, 2014.

**{¶30}** Thus, the state properly pursued criminal charges against appellant for his failure to meet his obligation under the 2005 order. As the indictment is valid, the trial court did not err in denying appellant's motion to dismiss. *See Olivares, supra,* at ¶8.

**{¶31}** I respectfully dissent.