[Cite as *State v. Miles*, 2018-Ohio-4444.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27885 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-2535 |
| | : | |
| DEDRICK L. MILES | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of November, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

MICHAEL R. PENTECOST, Atty. Reg. No. 0036803, 117 S. Main Street, Suite 400, Dayton, Ohio 45422
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Dedrick Miles appeals from his convictions for nonsupport of dependents. He challenges the trial court's overruling of his motion to dismiss the charges of nonsupport. Miles contends that *State v. Pittman*, 150 Ohio St.3d 113, 2016-Ohio-8314, 79 N.E.3d 531, precludes his prosecution, because the indictment was filed after his child was emancipated and his support obligation terminated. Because Miles had a current support obligation during the time periods that he is alleged to have failed to pay support, we affirm.

## I. Facts

{¶ 2} In March 2010, a decree of divorce was entered ordering Miles to pay child support for each of his two children. Miles made some partial support payments but paid nothing after December 2010. In June 2015, the youngest child was emancipated, and Miles's support obligation was terminated. In the emancipation order, the domestic relations court also ordered Miles to make specific payments on the support arrearage until the arrearage was fully paid.

{¶ 3} In September 2017, Miles was indicted on two counts of nonsupport of dependents, in violation of R.C. 2919.21(B). The first count alleged that Miles failed to provide support for his youngest child between June 1, 2011, and May 31, 2013. The second count alleged that Miles failed to provide support for the same child between June 1, 2013, and May 31, 2015. Miles moved to dismiss the indictment. Citing *Pittman*, he argued that he was not under a support order and that his criminal liability for nonpayment of support ended when his youngest child was emancipated.

{¶ 4} After a hearing, the trial court overruled the motion to dismiss, concluding

that *Pittman* does not preclude the prosecution. The court noted that *Pittman* held that "a person is not subject to prosecution under R.C. 2919.21(B) for the nonpayment of a court's order to pay a child-support arrearage when the person has no current obligation of support because the child who is the subject of the order is emancipated." *Pittman*, 150 Ohio St.3d 113, 2016-Ohio-8314, 79 N.E.3d 531, at ¶ 1. The trial court distinguished *Pittman*: "The most important difference between Defendant's case from the case i[n] *Pittman* is the fact that the indicted time periods are before the arrearage order was in place and are within the statute of limitations. In *Pittman*, the indicted time periods were after the arrearage order was in place, thereby only enforcing the arrearage order."

{¶ 5} Miles pleaded no contest to both counts of felony nonsupport of dependents. He was sentenced to community control sanctions and ordered to pay restitution of $7,008 to the Ohio Child Support Payment Central.

## II. Law and Analysis

{¶ 6} Miles's sole assignment of error alleges that the trial court erred by overruling his motion to dismiss.

{¶ 7} "[A] motion to dismiss 'tests the sufficiency of the indictment [or complaint], without regard to the quantity or quality of evidence that may be produced by either the state or the defendant.' " *State v. Fields*, 2017-Ohio-400, 84 N.E.3d 193, ¶ 18 (2d Dist.), quoting *State v. Patterson*, 63 Ohio App.3d 91, 95, 577 N.E.2d 1165 (2d Dist.1989). De novo is the standard that we use to review a trial court's decision on a motion to dismiss. *Id.* at ¶ 19.

{¶ 8} Miles was indicted on two charges of violating R.C. 2919.21(B), which prohibits a person from "fail[ing] to provide support as established by a court order to[ ]

another person whom, by court order or decree, the person is legally obligated to support." Miles contends that his criminal liability for nonpayment ceased when his child was emancipated and his support obligation was terminated. When he was indicted, Miles points out, he was not under a current obligation to pay support. Miles argues that *Pittman* precludes prosecution after emancipation, even though the charges were based on his failure to pay support before emancipation, when he was subject to a child-support order.

{¶ 9} The defendant in *Pittman* was ordered to pay child support until his children were emancipated. The children were emancipated on August 31, 2006, and the defendant's support obligation terminated. The trial court reduced his support arrearage to a judgment and ordered the defendant to continue paying toward the arrearage. Three years later, the defendant was indicted on charges of nonsupport under R.C. 2919.21(B) for failing to provide support after his children had been emancipated (between July 1, 2007, and June 30, 2009). The defendant argued that he could not have violated R.C. 2919.21(B) then, because he had no duty to provide support, as his children had been emancipated.

{¶ 10} The Ohio Supreme Court agreed. "Because the statute uses the present tense in the phrase 'is legally obligated to support,' " said the Court, "a person charged with a violation must be under a current obligation to provide support." *Pittman*, 150 Ohio St.3d 113, 2016-Ohio-8314, 79 N.E.3d 531, at ¶ 18. The Court said that the defendant was not under a current support order between 2007 and 2009 and that "[t]he 2006 orders were not for support but instead granted judgments against Pittman for the arrearage amounts." *Id.* at ¶ 19. The Court held that "a person is not subject to prosecution under R.C. 2919.21(B) for the nonpayment of a court's order to pay a child-support arrearage

when the person has no current obligation of support because the child who is the subject of the order is emancipated." *Id.* at ¶ 1. "Pittman's criminal liability for nonpayment of support," stated the Court, "ended on August 31, 2006, when his children were emancipated." *Id.* at ¶ 19.

{¶ 11} Justice Lanzinger took issue with the just-quoted statement about the defendant's criminal liability. She wrote a concurring opinion, joined by two other justices, to point out that "prosecution under R.C. 2919.21 for the nonpayment of child support after a child reaches 18 years old is not prohibited in every case." *Id.* at ¶ 24 (Lanzinger, J., concurring in judgment only). She agreed that the language of R.C. 2919.21(B) "limits prosecutions based on child-support orders to those with current obligations rather than arrearages." *Id.* at ¶ 26. But she disagreed with the majority's broad statement that the defendant's criminal liability for nonpayment of support ended on the date that his children were emancipated. Justice Lanzinger pointed out that the defendant might have been criminally liable under R.C. 2929.21(A). *Id.* at ¶ 27.

{¶ 12} All of the key facts in *Pittman* match those in the case before us, except one. The *Pittman* defendant was charged with failing to provide support for a period of time *after* emancipation; Miles was charged with failing to provide support for periods of time *before* emancipation. The difference in when the alleged criminal conduct occurred is critical. As *Pittman* points out, R.C. 2919.21(B) uses the present-tense phrase "is legally obligated to support," which means that the prohibited conduct ("fail[ing] to provide support") must coincide with a current obligation to provide support. Because the *Pittman* defendant's obligation to provide support had terminated, he could not be prosecuted for nonsupport under R.C. 2919.21(B) for failing to provide support after emancipation. But

Miles was charged with nonsupport for failing to provide support before his child was emancipated, so he may be prosecuted. Miles's alleged failure to provide support coincided with his obligation to provide support. Therefore, we conclude that *Pittman* does not preclude Miles's prosecution.

{¶ 13} We recognize that the Eleventh District, in *State v. Hubbard*, 2018-Ohio-3627, __N.E.3d__ (11th Dist.), addressed this same issue under similar factual circumstances but came to a different conclusion. The majority in that case agreed with Miles's argument and concluded that *Pittman* applies "to *all* cases involving nonpayment of child support." (Emphasis sic.) *Hubbard* at ¶ 14. The court read *Pittman* as saying that "a defendant cannot be charged with criminal nonsupport following the emancipation of his children." *Id.* at ¶ 16. The court found it unimportant that the *Hubbard* defendant was charged with failing to provide support *before* emancipation. "That distinction is of little import here," said the majority, "as it is evident the *Pittman* holding applies to bar prosecution in either instance." *Id.* at ¶ 12. The *Hubbard* court focused on the *Pittman* majority's broad statement that the defendant's criminal liability for nonpayment of support ended when his children were emancipated, saying that the statement "related *not* to the arrearage-only order but to the defendant's obligation under the initial child support order." (Emphasis sic.) *Id.* at ¶ 13. Accordingly, the *Hubbard* defendant's "liability under the support order also ended when his child was emancipated, an event that occurred well before he was indicted." *Id.*

{¶ 14} The *Hubbard* court found support for its conclusion that *Pittman* applies to more than just "arrearage-only" cases in Justice Lanzinger's concurring opinion. The court said that the concurring opinion's disagreement with the *Pittman* court's conclusion that

the defendant's criminal liability for support ended with emancipation showed that the concurring justices believed that the *Pittman* decision was "intended to apply to *all* cases involving nonpayment of child support." (Emphasis sic.) *Id.* at ¶ 14. "If the *Pittman* majority had intended for its holding to apply solely to arrearage-only orders," said the *Hubbard* majority, "it would have been entirely unnecessary and superfluous for the concurring justices to write a separate opinion disagreeing with the majority's analysis and asserting that the court's holding should not apply 'in every case.' " *Id.* at ¶ 15.

{¶ 15} While we recognize that *Pittman* could be read to preclude any prosecution under R.C. 2919.21(B) following emancipation, we do not think that that reading is required or desired. We note that the dissenting judge in *Hubbard* agreed with our analysis, concluding that *Pittman* did not apply in that case, because unlike *Pittman*, the charges were not based on an arrearage order but on a support order in effect during the time periods alleged in the indictment. *Id.* at ¶ 28 (O'Toole, J., dissenting). Moreover, we do not think that it makes sense to read *Pittman* as saying that all indictments under R.C. 2919.21(B) must be filed before emancipation. That reading could allow a parent to avoid child support with impunity for up to 25 weeks during the two years preceding emancipation and to escape felony prosecution for nonsupport. *See* R.C. 2919.21(G)(1) (stating that nonsupport for 26 out of 104 consecutive weeks constitutes a fifth-degree felony).

### III. Conclusion

{¶ 16} The trial court did not err by overruling Miles's motion to dismiss. *Pittman* does not preclude prosecution when a current support order existed during the time periods listed in the individual counts of the indictment, even though the indictment was

filed after the dependents were emancipated and the defendant's support obligation was terminated.[1] Miles's sole assignment of error is overruled.

{¶ 17} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Mathias H. Heck
Andrew T. French
Michael R. Pentecost
Hon. Dennis J. Adkins

---

[1] We note that an amendment to R.C. 2919.21(B), effective February 11, 2019, makes clear that a person may be prosecuted for nonsupport of dependents even after an order for support terminates. *See* 2018 Am.Sub.S.B. No. 70.