[Cite as *State v. Collier*, 2009-Ohio-6236.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                       CASE NO. 16-09-09

    v.

ANTHONY J. COLLIER,                      **O P I N I O N**

    DEFENDANT-APPELLANT.

**Appeal from Upper Sandusky Municipal Court**
**Trial Court No. TRD 08-5540**

**Judgment Vacated and Cause Remanded**

**Date of Decision:  November 30, 2009**

**APPEARANCES:**

    *Eric W. Beery* **for Appellant**

    *Kathryn M. Collins* **for Appellee**

**Rogers, J.**

{¶1} Defendant-Appellant, Anthony Collier, appeals the judgment of the Upper Sandusky Municipal Court convicting him of a special load permit violation and operating an overloaded vehicle. On appeal, Collier argues that the trial court erred in convicting him of operating an overloaded vehicle because his overload permit was improperly voided by the state trooper, as there is no requirement in R.C. 4513.23 or the State of Ohio Department of Transportation, Office of Maintenance Management, Special Hauling Permit Section Operational Guide ("operational guide") that he have extended mirrors on the vehicle, and the evidence established that he was able to see to the rear of his vehicle and around both sides of the load pursuant to R.C. 4513.23 and the operational guide. Based on the following, we vacate Collier's no contest plea and conviction.

{¶2} In December 2008, Collier was cited for operating an overloaded vehicle in violation of R.C. 5577.04, a minor misdemeanor, and with violating the terms of a special load permit in violation of R.C. 4513.34, a minor misdemeanor. The citation arose from an incident whereby Collier was operating a tractor trailer with an overweight and oversize load on U.S. 30 in Wyandot County and was stopped by an Ohio State Patrol Trooper, and the trooper invalidated his special load permit on the premise that his mirrors were insufficient to see to the rear and

sides of his load. Subsequently, Collier entered a not guilty plea to both charges in the citation.

{¶3} In May 2009, prior to the scheduled commencement of a bench trial, Collier made an oral motion to dismiss, arguing that his special load permit was improperly voided, as the statute contains no requirement that he have extended mirrors; that the statute only requires that he be able to see to the rear of the vehicle; that the statute does not contain a distance requirement of how far the driver needs to be able to see to the rear; and, that he was able to see to the rear of his load.

{¶4} In response to Collier's motion, the State argued that, although the operational guide, which must be followed according to the terms of the special load permit, and the statute do not require the vehicle to have extended mirrors, they do require that the mirrors on the vehicle be sufficient for the driver to see to the rear of the vehicle, and the evidence establishes that the width of Collier's load and the size of his mirrors prohibited him from being able to see to the rear of his vehicle, thereby violating the requirements of the special load permit and giving the trooper the authority to void the permit.

{¶5} Subsequent to the arguments of both parties, but before the presentation of evidence, the trial court denied Collier's motion to dismiss and engaged in the following discussion with Collier's trial counsel and the State:

**[Trial Court]: I guess the issue is we proceed with trial or you resolve it in a plea negotiation, \* \* \* and if your company wants to take it up, do no contest plea and appeal it.**

**\* \* \***

**All right.  Uhm, and where's the State on this if you do a negotiation?**

**\* \* \***

**What you got here is somewhat of an honest dispute. It's not like a flagrant intentional violation.**

**\* \* \***

**I guess to be fair to you guys its – its my opinion, at this stage without hearing more, that there was a violation here, all right. So, where do we wanna go from here?  Do we wanna put on more evidence?  It seems to me that you have pretty much chattered about everything that is relevant on this \* \* \*.**

**\* \* \***

**[Collier's Trial Counsel]: And actually, uhm, I know Mr. Grafmiller and I discussed, I mean, one of the things was, uhm, we weren't talking dismissing the matter.  We were talking about, I mean, just a reduction in fine and a – and a plea \* \* \*.**

**\* \* \***

**\* \* \* [W]e were – we were talking about finding – a guilty fine or a guilty plea on the overweight, so you're not gonna have a dismissal that the company will run around and challenge. Obviously, I think, and you're exactly right, frankly, municipal court is not the area where you challenge it anyway, obviously, the Court of Appeals is.**

**\* \* \***

**[Trial Court]: If you wanna continue with the motion to dismiss and put on evidence that reflects the key statute here \* \* \*.**

**[State]: I'm just not sure how – what kind of record we have just as oral arguments.**

**[Trial Court]: Well, I'm saying we can continue with the motion. \* \* \***

**[State]: Right.**

**[Trial Court]: We had conversation.**

**[State]: Right.**

**[Trial Court]: Which is all on the record. And if you wanna now put on testimony in response, uhm, to the defendant's oral argument you could do so. I – I gather what you're trying to do is – it's efficient on the record to do an appeal from the motion.**

**[Collier's Trial Counsel]: Exactly.**

**[Trial Court]: Okay. That's – That would be the same as – as a motion to suppress. You go forward, you enter your plea of no contest.**

**[State]: Motion denied so now we're for purposes of –**

**[Trial Court]: You preserve your appeal rights with a no contest and get a stay on the fine and costs.**

(May 2009 Hearing Tr., pp. 21-26).

{¶6} After the presentation of testimony regarding the citation, Collier entered a no contest plea to both charges in the citation, with the State agreeing to

reduce the applicable fine.[1]

{¶7} Subsequently, the trial court entered its judgment entry of conviction and sentencing, finding Collier guilty of a special load permit violation pursuant to R.C. 4513.34[2] and of operating an overloaded vehicle pursuant to R.C. 5577.04, and ordering him to pay a fine of $231.50 plus court costs.[3]

{¶8} It is from this conviction and sentence that Collier appeals, presenting the following assignments of error for our review.

### Assignment of Error No. I

**THE FACTS AND EVIDENCE OF THE CASE DO NOT PROVE A VIOLATION OF ORC 4513.23. APPELLEE IS ATTEMPTING TO PUT REQUIREMENTS IN ORC 4513.23 AND THE DEPARTMENT OF TRANSPORTATION OPERATIONAL GUIDE THAT ARE NOT REQUIRED. APPELLEE INCORRECTLY VOIDED THE OVERSIZED PERMIT, DUE TO THE FACT THERE WAS NO VIOLATION OF ORC 4513.23.**

### Assignment of Error No. II

**APPELLEE FAILED TO SATISFY ITS BURDEN OF PROOF IN PROVING BEYOND A REASONABLE DOUBT THAT APPELLANT VIOLATED ORC 4513.23.**

---

[1] We note that Collier's trial counsel stated on the record that Collier wished to amend his plea to no contest without specifying whether he was pleading no contest to both charges in the citation. However, we construe his plea amendment to be on both charges in the citation, as no issue concerning the pleas has been raised on appeal.

[2] Although the trial court's judgment entry stated a conviction for a permit violation, it listed the incorrect statute section, R.C. 4513.31, failure to properly secure a load. However, because Collier was not charged under R.C. 4513.31, and no evidence was presented or argument made at the motion to dismiss hearing in regards to a failure to properly secure a load, we construe this as a mere clerical error, and that Collier's conviction was for a permit violation pursuant to R.C. 4513.34, as charged in the citation.

[3] We note that the entry of conviction was a hand-written document with a minimum of information, including the apparent clerical error as to the section number. While we are aware that many municipal courts are very busy, we would encourage all trial courts to conscientiously prepare entries that are commensurate with the dignity to which the judicial system is entitled.

{¶9} Before addressing Collier's assignments of error, we must first address whether he has properly preserved his appeal.

{¶10} "While there can be an appeal from a conviction following a no-contest plea, the issues that can be raised upon such an appeal are limited but, pursuant to Crim.R. 12(H)[4], include a claim 'that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence.'" *State v. Watson*, 2d Dist. No. 80AP-880, 1981 WL 3435.

{¶11} Crim. R. 12(I) provides that a no contest plea "does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion * * *." Crim.R. 12(C) defines a pretrial motion as "any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue." Accordingly, a no contest plea does not preserve appellate review of a trial court's ruling on a pretrial motion where the issue raised by the motion is not a "defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue." *State v. Brock*, 3d Dist. No. 5-06-27, 2006-Ohio-6681, ¶9, citing *Watson*, 1981 WL 3435. See, also, *State v. Evans*, 2d Dist. No. 21669, 2007-Ohio-6587, ¶11. Furthermore, where a defendant enters into a negotiated plea bargain, and, in turn,

---

[4] We note that Crim.R. 12 was amended in 2001, adding a new division (B) and redesignating prior divisions (B) through (J) as new divisions (C) through (K), respectively. Accordingly, Crim.R. 12(H) is now Crim.R. 12(I).

enters a no contest plea based upon the erroneous assumption, joined in by the trial court and the prosecution, that the plea will preserve his appellate rights to challenge the trial court's ruling on a pretrial issue, the plea bargain must be rescinded, and the plea vacated. *Brock*, 2006-Ohio-6681, at ¶¶10, 12. See, also, *Columbus v. Sullivan* (1982), 4 Ohio App.3d 7, 10; *Columbus v. Quinn*, 10th Dist. No. 86AP-1079, 1987 WL 28458.

{¶12} "A pretrial motion to dismiss can only raise matters that are 'capable of determination without a trial of the general issue.'" *State v. Certain*, 180 Ohio App.3d 457, 2009-Ohio-148, ¶4, quoting Crim.R. 12(C). A motion to dismiss a complaint pursuant to Crim.R. 12(C) challenges the sufficiency of the complaint without regard to the quantity or quality of the evidence to be produced by the State. *State v. Stout*, 3d Dist. No. 8-07-12, 2008-Ohio-161, ¶12, citing *State v. Patterson* (1989), 63 Ohio App.3d 91, 95. Accordingly, where a pretrial motion to dismiss requires the trial court "to look beyond the face of the complaint to the evidence and testimony that would be offered at trial," the motion is improper as a pre-trial motion. *Certain*, 180 Ohio App.3d 457, at ¶5; *Stout*, 2008-Ohio-161, at ¶12.

{¶13} In the case at bar, Collier made an oral motion to dismiss the charges in the complaint on the basis that his special load permit was improperly voided, and, consequently, that there was no legal basis for the citation. His motion to dismiss was based on the premise that he could properly see to the rear of his

vehicle and around both sides of the load pursuant to R.C. 4513.23 and the operational guide. However, this motion goes to the sufficiency of the evidence for the complaint, and is not "capable of determination without a trial of the general issue," Crim. R. 12(C), thereby requiring the trial court to "look beyond the face of the complaint to the evidence and testimony that would be offered at trial." *Certain*, 180 Ohio App.3d 457, at ¶5. Consequently, we find that Collier's motion does not meet the definition of a pretrial motion pursuant to Crim.R. 12(C), such that he preserved for appeal the trial court's denial of his motion by entering a no contest plea.

{¶14} Furthermore, we find that the record demonstrates that Collier consented to a plea bargain, and, consequently, entered a no contest plea based on the erroneous assumption, fostered by the trial court and the State, that he was preserving appellate review of the trial court's denial of his motion. Collier's trial counsel stated his desire to preserve an appeal of the trial court's denial of his motion, and the trial court explicitly stated that a no contest plea would permit Collier to appeal its denial. Pursuant to this Court's prior holding in *Brock*, any plea bargain premised on a mistaken belief that a no-contest plea will preserve appellate rights must be rescinded, with the defendant given an opportunity to move forward to trial. Consequently we must also rescind this plea agreement and no contest plea and grant Collier the opportunity to have a trial on the merits of the case.

{¶15} Finally, we note that Collier frames his assignments of error in a manner that questions whether the State met its burden of proof and whether there was sufficient evidence of a permit violation. However, Collier made a motion to dismiss, and a trial was never conducted, meaning the State was never charged with the burden of proof to present sufficient evidence to establish a permit violation.

{¶16} Accordingly, because we find that Collier consented to a plea bargain and entered a no contest plea based on the erroneous assumption that he was preserving his right to appeal the trial court's denial of his motion to dismiss, we rescind the plea bargain, vacate his no contest plea, and remand the matter for further proceedings.

{¶17} Based on the foregoing, Collier's assignments of error are rendered moot, and we decline to address them. App.R. 12(A)(1)(c)

{¶18} Having found error prejudicial to Appellant herein, we vacate Appellant's no contest plea and conviction, and remand to the trial court for further proceedings consistent with this opinion.

*Judgment Vacated and Cause Remanded*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jnc**