[Cite as *State v. Sanchez*, 2022-Ohio-2721.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO.  11-22-02

      v.

LAURO C. SANCHEZ, JR.,           O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Paulding County Common Pleas Court
Trial Court No. CR-20-563

**Judgment Reversed and Cause Remanded**

Date of Decision:  August 8, 2022

APPEARANCES:

    *Howard A. Elliott* for Appellant

    *Joseph R. Burkard* for Appellee

**SHAW, J.**

{¶1} Defendant-Appellant, Lauro C. Sanchez, Jr. ("Appellant"), appeals the January 7, 2022 judgment of the Paulding County Common Pleas Court sentencing him for one count of assault, in violation of R.C. 2903.13(A)(C)(5)(a), after Appellant pled no contest and was found guilty.

*Relevant Factual Background*

{¶2} On June 12, 2020, Appellant was charged in a two-count indictment with the offenses of assault, a fourth degree felony, and escape, a third degree felony. Appellant initially pleaded not guilty to the charges. However, on November 9, 2021, Appellant appeared for a change-of-plea hearing. Pursuant to plea bargain arrangements, Appellant was to plead no contest to the assault charge in exchange for the State's dismissal of the escape charge. The trial court held a brief colloquy with Appellant, explaining the charge and maximum penalty, and the rights he would give up by virtue of his plea of no contest. The trial court then accepted Appellant's plea of no contest, found him guilty, and ordered a presentence investigation and set the matter for sentencing.

{¶3} At the sentencing hearing, the trial court imposed a sentence of twelve months in prison.

{¶4} Appellant now appeals, raising four areas of argument with the trial court's judgment. Although the Table of Contents to the brief refers to a listing of

assignments of error and issues presented for review, no assignments of error are actually set forth in the Table of Contents or anywhere else in Appellant's brief. As a result, this Court is left to deduce the Assignments of Error solely from the arguments in the brief, which are segregated into four separate sections of the brief, captioned solely as "Assignment of Error One," "Two," "Third," and "Fourth" without elaboration, and to a lesser extent the response brief of the State, which is similarly divided into four sections and captioned the same way. This is in direct violation of App.R. 16 and Loc.R. 7, which set forth the rules on briefs. More importantly, it significantly impacts the efficacy of this Court's ruling in that it essentially forces this Court to state and rule upon "assignments of error" that this Court has formulated and not the Appellant.

{¶5} Nevertheless, in the interest of judicial efficiency, these omissions take on less significance because in this instance our review of the record discloses plain error on its face as to Appellant's no contest plea. To quote from Appellant's brief, the last sentence of his first argument states that: "In light of the lack of the court's substantial compliance with the requirements of the rule [Crim.R. 11(B)(2)], the conviction must be reversed." (Appellant's Brief at 8).

{¶6} Crim.R. 11(B)(2), regarding the effect of a no contest plea, provides: "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the

plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Thus, Crim.R. 11(C)(2)(b) clearly specifies that in felony cases, a trial court "shall" not accept a no contest plea without addressing the defendant personally and informing him of and determining that he understood "the effect of the plea of no contest."

{¶7} The right to be informed of the effect of a no contest plea is non-constitutional and therefore is subject to review under a substantial-compliance standard. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 31. However, if a trial court completely fails to comply with the notification requirement, the plea must be vacated and a prejudice analysis is not necessary. *Id.* at ¶ 32.

{¶8} In this case, although the State concedes the trial court did not inform Appellant that the no contest plea "shall not be used against the defendant in any subsequent civil or criminal proceeding," the trial court also did not inform him the plea is an admission of the truth of the facts alleged in the indictment. Moreover, contrary to recitals in the trial court's entry, a review of the change-of-plea hearing transcript demonstrates at no time during the plea proceeding did the trial court address the Appellant and inform him of either of the aforementioned effects of the plea he was entering.

{¶9} Based upon the foregoing, we find merit to Appellant's argument that his plea must be vacated because the trial court completely failed to comply with

Crim.R. 11(C)(2)(b) and (B)(2). *Cf. State v. Blair*, 3d Dist. Paulding Nos. 11-20-01 and 11-20-02, 2021-Ohio-266, ¶ 17 (no complete failure to comply evident on the record). Any other arguments are moot.

{¶10} Accordingly, the judgment of the trial court is reversed, Appellant's plea is vacated, and this case is remanded to the trial court for further proceedings.

*Judgment Reversed and*
*Cause Remanded*

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**