[Cite as *State v. Sanchez*, 2023-Ohio-1436.]

**IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
PAULDING COUNTY**

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                  CASE NO. 11-22-06

    v.

LAURO C. SANCHEZ, JR.,              O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Paulding County Common Pleas Court
Trial Court No. CR-20-563

Judgment Affirmed

Date of Decision: May 1, 2023

APPEARANCES:

    *Brian A. Smith* for Appellant

    *Joseph R. Burkard* for Appellee

**WALDICK, J.**

{¶1} Defendant-appellant, Lauro C. Sanchez, Jr. ("Sanchez"), appeals the judgment of conviction and sentence entered against him on October 7, 2022, in the Paulding County Court of Common Pleas, following Sanchez's plea of no contest to a felony-level assault charge. Sanchez specifically assigns error with the trial court's decisions on two pretrial motions filed by the defense, motions that were characterized in the trial court as a motion to dismiss the indictment and a motion to determine the legality of Sanchez's arrest.

{¶2} For the reasons set forth below, we find that the rulings on those two motions were not preserved for appellate review and therefore we affirm.

*Procedural History*

{¶3} Procedurally, this case originated on June 12, 2020, when a two-count indictment was returned against Sanchez, charging him as follows: Count 1 – Assault on a Peace Officer, a fourth-degree felony in violation of R.C. 2903.13(A) and (C)(5); and Count 2 – Escape, listed in the indictment as a third-degree felony in violation of R.C. 2921.34(A)(1). On June 22, 2020, an arraignment was held and Sanchez pled not guilty to the indictment.

{¶4} On September 23, 2020, Sanchez filed a motion captioned "Motion to Dismiss." On October 1, 2020, the prosecution filed a response to the motion to dismiss, arguing that the motion was improper as styled and should be overruled.

On October 9, 2020, the trial court filed a judgment entry overruling the motion to dismiss.

{¶5} On October 28, 2020, Sanchez filed another motion, in which he moved the trial court "for a determination, pre-trial, as to the legality of the arrest of Defendant." ("Motion", Docket No. 21). On November 24, 2020, the prosecution filed a response in opposition to that motion.

{¶6} On November 30, 2020, the trial court held an evidentiary hearing on the motion to determine the legality of the arrest. On April 22, 2021, the trial court filed a judgment entry finding that, based on the evidence presented at the November 30, 2020 hearing, Sanchez had been lawfully arrested.

{¶7} On November 9, 2021, a change of plea hearing was held and Sanchez entered a negotiated plea of no contest. Specifically, Sanchez pled no contest to the charge of Assault on a Peace Officer in Count 1 of the indictment and, in exchange, the prosecution dismissed the Escape charge in Count 2.

{¶8} On January 3, 2022, a sentencing hearing was held and Sanchez was sentenced to twelve months in prison.

{¶9} On February 7, 2022, Sanchez filed a direct appeal of his conviction and sentence. In that appeal, *State v. Sanchez*, 3d Dist. Paulding No. 11-22-02, 2022-Ohio-2721, this court found that the no contest plea had been improperly accepted by the trial court, based on the trial court's failure to fully comply with the

dictates of Crim.R. 11 at the time Sanchez entered the no contest plea. This court therefore reversed the judgment of the trial court, vacated the no contest plea, and remanded the matter for further proceedings. *Id*.

{¶10} On remand, another change of plea hearing was held on September 12, 2022. At that time, Sanchez again entered a negotiated plea of no contest to Count 1 of the indictment, in exchange for a dismissal of Count 2.

{¶11} On October 5, 2022, a sentencing hearing was held and Sanchez was again sentenced to twelve months in prison.

{¶12} On November, 4, 2022, Sanchez filed the instant appeal.

*Factual Background*

{¶13} The record reflects that on November 17, 2019, Deputy Ron McCabe and Deputy Cierra Moran, both of the Paulding County Sheriff's Office, arrived at a house in Melrose, Ohio to arrest Sanchez and his girlfriend, Samantha Fenter, on outstanding felony arrest warrants.

{¶14} Upon arrival, the officers encountered Sanchez on the front porch, informed Sanchez that they had a warrant for his arrest, and began to take Sanchez into custody by placing handcuffs on him. Fenter then came outside, was told by the officers that she also had an arrest warrant, and was ordered to turn around to be handcuffed. Instead of complying, Fenter pulled away from Deputy McCabe and ran back into the residence, and so McCabe ran after Fenter. At that time, Deputy

Moran was overseeing Sanchez, who was sitting on the ground. Deputy McCabe then returned to the porch with Fenter, in response to which Sanchez became very belligerent. Sanchez pushed Deputy Moran, who fell back. Sanchez then took off running between two cars, in an attempt to flee from the officers. Sanchez was apprehended shortly thereafter by Deputy Moran.

{¶15} Sanchez and Fenter were then transported to the county jail, where both were served with copies of their arrest warrants.

{¶16} As a result of that incident, Sanchez was subsequently indicted in the instant case for Assault on a Peace Officer and Escape, as set forth above.

**Assignment of Error**

**Because the trial court incorrectly applied the legal standard in appellant's case, the trial court erred in denying appellant's motion to determine the legality of his arrest/motion to dismiss, in violation of appellant's right to know the nature and cause of the accusation against him under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.**

{¶17} In the sole assignment of error, Sanchez argues that his conviction and sentence should be reversed because (1) the trial court erred in overruling the defendant's motion to dismiss the indictment and/or (2) the trial court erred in finding defendant's arrest to be lawful and in overruling the defendant's motion to determine the legality of his arrest.

**{¶18}** In support of his assignment of error, Sanchez makes the same arguments with regard to both of the motions at issue. Primarily, Sanchez argues that he had a valid self-defense claim to the Assault charge in Count 1, asserting that he was entitled to physically defend himself against the police during what Sanchez claims was an unlawful arrest. Sanchez also asserts that the offense of Assault on a Peace Officer implicitly requires that the assaulted officer be acting "lawfully" at the time the assault occurred and Sanchez argues that the officer's conduct here was not lawful and therefore Sanchez would not be guilty of assault. As in the trial court, those claimed defenses are based on Sanchez's assertion that the arrest itself was unlawful because the arresting officers allegedly violated Crim.R. 4(D) in failing to immediately inform Sanchez of the charge for which he was being arrested on November 17, 2019.

**{¶19}** For those reasons, Sanchez argues that the trial court erred in denying the two defense motions at issue. While Sanchez makes what amounts to a joint argument on appeal with respect to the two motions, we opt to analyze each motion separately.

*The "Motion to Dismiss"*

**{¶20}** On September 23, 2020, Sanchez filed the first of the two motions at issue here, which was captioned "Motion to Dismiss". That motion alleged that "the charges, herein, arise as a direct result of illegal action (illegal arrest) by the

charging officers" and "[a]s such, the prosecution must be dismissed." ("Motion to Dismiss", Docket No. 15). The motion to dismiss was based on the premise that an unlawful arrest in this case would give rise to an affirmative defense or defenses and, consequently, Sanchez asserted that the charges should be dismissed for that reason.

{¶21} "'A motion to dismiss tests the sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced at trial.'" *Cleveland v. Olivares*, 197 Ohio App.3d 78, 2011-Ohio-5271, 966 N.E.2d 285, ¶ 8 (8th Dist.), quoting *State v. Caldwell*, 8th Dist. Cuyahoga No. 92219, 2009-Ohio-4881, ¶ 3. A reviewing court examines the face of the charging instrument to determine its sufficiency. *State v. Baker*, 3d Dist. Seneca No. 13-20-12, 2021-Ohio-1004, ¶ 18. Moreover, "[i]n determining whether an indictment is valid on its face, the proper inquiry is whether the allegations contained in the indictment constitute an offense under Ohio law." *State v. Egler*, 3d Dist. Defiance No. 4-07-22, 2008-Ohio-4053, ¶ 14.

{¶22} Thus, "[a] trial court considering a pretrial motion to dismiss a criminal action must consider only the face of the charging instrument. If resolution of the motion requires an examination of evidence, the motion is not a motion to dismiss." *State v. Brown*, 4th Dist. Athens Nos. 98CA14, 98CA15, 1999 WL 281335, *5 (Apr. 26, 1999).

{¶23} "Further, '[t]he Ohio Rules of Criminal Procedure, however, do not allow "summary judgment" on an indictment prior to trial.'" *State v. Shaw*, 10th Dist. Franklin No. 02AP-1036, 2003-Ohio-2139, ¶ 13, quoting *State v. Tipton* 135 Ohio App.3d 227, 228, 773 N.E.2d 634 (1999). "Thus, '[i]f a motion to dismiss requires examination of evidence beyond the face of the complaint, it must be presented as a motion for acquittal under Crim.R. 29 * * *.'" *State v. Shaw*, *supra*, ¶ 13, quoting *State v. Brown*, *supra*. As this court stated in *State v. McNamee*, 17 Ohio App.3d 175, 176, 478 N.E.2d 843 (1984), the issue of the legal sufficiency of the evidence in a criminal case is not properly raised by a pretrial motion and, in attempting to raise the same in a pretrial motion to dismiss, "[t]he defendant is attempting to create in a criminal case the equivalent of a motion for summary judgment and there is no provision for such a motion." See, also, *State v. Varner*, 81 Ohio App.3d 85, 610 N.E.2d 476 (1991) (a challenge to the indictment that goes beyond the face of the indictment and requires an examination of evidence cannot be raised by way of a pretrial motion to dismiss).

{¶24} In the instant case, while captioned a "motion to dismiss", the motion at issue essentially sought a ruling as to the validity of the affirmative defense(s) that Sanchez apparently sought to offer at trial, and a dismissal based thereon. Raising a potential defense in a motion to dismiss was premature, sought an advisory decision at best, and meant that the "motion to dismiss" was not legally a

true motion to dismiss, as resolution of the motion required reference to information beyond that contained on the face of the indictment.

{¶25} As there is no provision under Ohio law for a motion to dismiss that goes beyond the face of the indictment or other charging instrument, we must consider whether the trial court's decision on the "motion to dismiss" was properly preserved for review on appeal before we are able to address the merits of that decision.

{¶26} While appeals from convictions stemming from a plea of no contest are permissible in some instances, the issues that can be raised in such appeals are limited. *State v. Collier*, 3d Dist. Wyandot No. 16-09-09, 2009 Ohio 6236, ¶ 10.

{¶27} As this court explained in *Collier*, *supra*, at ¶ 11:

**Crim. R. 12(I) provides that a no contest plea "does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion * * * ." Crim.R. 12(C) defines a pretrial motion as "any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue." Accordingly, a no contest plea does not preserve appellate review of a trial court's ruling on a pretrial motion where the issue raised by the motion is not a "defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue." *State v. Brock,* 3d Dist. No. 5-06-27, 2006-Ohio-6681, ¶ 9, citing *Watson,* 1981 WL 3435. See, also, *State v. Evans,* 2d Dist. No. 21669, 2007-Ohio-6587, ¶ 11.**

{¶28} In this case, because Sanchez moved to dismiss the charges in the indictment on the basis that his allegedly unlawful arrest provided him with a

defense or defenses to the charges, there was no valid legal basis for the "motion to dismiss." As that motion ultimately went to the sufficiency of the evidence in support of a potential conviction, and/or to the merits of a potential affirmative defense, that motion was not "capable of determination without a trial of the general issue," per Crim.R. 12(C), and a ruling on the "merits" raised by the motion to dismiss would have required the trial court to look beyond the face of the indictment to the evidence that would be offered at trial. Consequently, we find that Sanchez's "motion to dismiss" did not meet the definition of a pretrial motion pursuant to Crim.R. 12(C), meaning the denial of that motion was not preserved for appeal by Sanchez's no contest plea.

*Motion To Determine Legality Of Arrest*

{¶29} On October 28, 2020, Sanchez filed the second of the two motions at issue here, which was simply captioned "Motion". In that filing, Sanchez moved the trial court "for a determination, pre-trial, as to the legality of the arrest of Defendant." ("Motion", Docket No. 21). As had the prior "motion to dismiss," the motion to determine the legality of the arrest again claimed that Sanchez's arrest on November 17, 2019 was unlawful due to the arresting officers' alleged noncompliance with Crim.R. 4(D) in failing to immediately inform Sanchez of the charge for which he was being arrested. Specifically, the October 28, 2020 motion asserted that the determination of the legality of the arrest "is critical for the

Defendant to be properly prepared to defend himself at trial on the pending charges."

("Motion", Docket No. 21).  The motion argued, as to the Escape charge, that one

cannot be charged with escaping an unlawful detention, and, as to the assault charge,

a "determination of the legality or illegality of the detention would dictate, to a great

degree, what actions may be lawful in response to the detention" and that "[f]actual

presentation at trial – and potential jury instructions – would be greatly relevant to

such determination." (*Id*.).  The motion concluded by asserting that "[t]he Court

should  determine  that  as  a  MATTER  OF  LAW  AND  FACT,  that  the

detention/arrest of the Defendant was unlawful and that said determination will

dictate what actions, taken by the Defendant, were lawful and proper." (Emphasis

*sic*.) (*Id*.).

{¶30} As a preliminary matter, we note that while the October 28, 2020

motion raised the legality of the defendant's arrest, that motion was *not* a motion to

suppress.  As the Supreme Court of Ohio explained in *State v. French*, 72 Ohio St.3d

446, 650 N.E.2d 887 (1995), at 449:

> **A "motion to suppress" is defined as a "[d]evice used to eliminate**
> **from the trial of a criminal case evidence which has been secured**
> **illegally, generally in violation of the Fourth Amendment (search**
> **and  seizure),  the  Fifth  Amendment  (privilege  against  self**
> **incrimination),  or  the  Sixth  Amendment  (right  to  assistance  of**
> **counsel, right of confrontation etc.), of U.S. Constitution." Black's**
> **Law Dictionary (6 Ed.1990) 1014. Thus, a motion to suppress is**
> **the  proper  vehicle  for  raising  constitutional  challenges  based  on**
> **the  exclusionary  rule  first  enunciated  by  the  United  States**
> **Supreme Court in *Weeks v. United States* (1914), 232 U.S. 383, 34**

> **S.Ct. 341, 58 L.Ed. 652, and made applicable to the states in *Mapp v. Ohio* (1961), 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. Further, this court has held that the exclusionary rule will not ordinarily be applied to suppress evidence which is the product of police conduct that violates a statute but falls short of a constitutional violation, unless specifically required by the legislature. *Kettering v. Hollen* (1980), 64 Ohio St.2d 232, 235, 18 O.O.3d 435, 437, 416 N.E.2d 598, 600. An important characteristic of a motion to suppress is that finality attaches so that the ruling of the court at the suppression hearing prevails at trial and is, therefore, automatically appealable by the state. R.C. 2945.67(A); Crim.R. 12(J); see, also, *State v. Davidson* (1985), 17 Ohio St.3d 132, 17 OBR 277, 477 N.E.2d 1141.**

{¶31} In the instant case, the motion filed by Sanchez on October 28, 2020, was not captioned a "motion to suppress" and, more importantly, the motion did not challenge the lawfulness of Sanchez's arrest on constitutional grounds, nor did the motion seek the exclusion of any evidence. For those reasons, we cannot construe that motion as a suppression motion from which an appeal could be taken following the no contest plea in this case.

{¶32} To the contrary, the "motion to determine the legality of the arrest" placed squarely in question the issue of whether Sanchez could be convicted of the Assault charge in Count 1 of the indictment and the Escape charge in Count 2. Accordingly, because the motion went directly to the defendant's guilt or innocence of the offenses alleged in the indictment, that motion was not "capable of determination without the trial of the general issue" and was not a pretrial motion as defined by Rule 12(C). *See*, *State v. Collier*, 3d Dist. Wyandot No. 16-09-09,

2009 Ohio 6236, ¶ 10, *State v. Evans,* 2d Dist. Montgomery No. 21669, 2007-Ohio-6587, ¶ 12, *State v. Echard*, 9th Dist. Summit No. 24643, 2009-Ohio 6616, ¶ 6-7. As with the motion to dismiss, Sanchez's argument regarding the legality of his arrest in the second motion was also not preserved for appeal under Rule 12(I).

*Conclusion*

**{¶33}** Accordingly, for all of the foregoing reasons, the assignment of error is overruled in light of the claims raised therein having been waived on appeal by the no contest plea entered by the defendant-appellant. The judgment of the Paulding County Court of Common Pleas is hereby affirmed.

***Judgment Affirmed***

**MILLER, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**