[Cite as *State v. Craft*, 2026-Ohio-1645.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ERVIN TYRONE CRAFT,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No.  25 MA 0064

---

Application for Reconsideration or in the Alternative
To Certify a Conflict

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Katelyn Dickey Judges.

---

**JUDGMENT:**
Application for Reconsideration and To Certify a Conflict are denied.

---

*Atty. Lynn Maro,* Mahoning County Prosecutor, *Atty. Kristie M. Weibling,* Assistant Prosecuting Attorney, for Plaintiff-Appellee.

*Atty. Andrew S. Pollis,* Milton and Charlotte Kramer Law Clinic, Case Western Reserve University School of Law, for Defendant-Appellant.

Dated: May 6, 2026

**PER CURIAM.**

**{¶1}** Defendant-Appellant Ervin Tyrone Craft filed an App.R. 26(A) application to reconsider the portion of our decision refusing to vacate his no contest plea in a first-degree felony drug case. *State v. Craft*, 2026-Ohio-1205, ¶ 4, 130-161 (7th Dist.) (after upholding the suppression and speedy trial decisions and sua sponte recognizing an error in sentencing upon merger). A reconsideration application must demonstrate an obvious error in our decision or show an issue properly raised in the appeal was not fully considered in the appellate decision. *State v. Simmons*, 2026-Ohio-1248, ¶ 4 (7th Dist.). "Reconsideration is a rare exception to the finality of our ability to preside over our own appellate decision and is not expected to be filed in every case a party disagrees with the result and wishes to reargue the case." *Id.* at ¶ 9.

**{¶2}** Appellant contends the "effect of the plea" as used in Crim.R 11(C)(2)(b) is solely defined by Crim.R. 11(B)(2) ("The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."). He contends we committed an obvious error by referencing the totality of the circumstances in analyzing compliance with the rule, by noting there are other effects of a plea, and by mentioning compliance with other items related to the effect of the plea. *See, e.g.*, Crim.R. 11 (B)(3) (after accepting the plea, the court shall proceed with sentencing), (C)(2)(b) (inform the defendant the court may proceed with judgment and sentence upon accepting the plea).

**{¶3}** Yet, Crim.R. 11(B) specifically labels and lists (B)(3) as another "Effect of . . . No Contest Plea." As pointed out in our opinion, this is in an internal heading, and is thus part of the rule itself. *Craft* at ¶ 137-139. We cited to prior cases from our court on this topic. *Id.* at ¶ 146-147. Moreover, Appellant's argument ignores our citation to the Ohio Supreme Court's recent statement that information on the effect of the plea may include a discussion of its "effect on the defendant's rights" and part of the defendant's understanding of the effect of the plea of guilty or no contest may be the "effects on [the defendant's] right to appeal" (where such right was discussed). *State v. Gowdy*, 2025-

Ohio-5575, ¶ 18, 30, 34 (and observing the trial court "ensured that [the defendant] understood the effects of his plea, including that he was waiving his right to a jury trial").

{¶4} In any event, we were only reviewing for partial compliance, not substantial or complete compliance, and Appellant's argument refuses to recognize the record contained some information on the items in Crim.R. 11(B)(2). In doing so, Appellant contends we were not permitted to speak of his subjective understanding or the totality of the circumstances in determining whether there was a complete failure or a partial failure to comply with the effect of the plea provision in Crim.R. 11(C)(2)(b). From this, he claims we skipped steps and jumped to the analysis of a lack of prejudice, the third step in the analysis, which is inapplicable if there was a complete failure. *See State v. Dangler*, 2020-Ohio-2765, ¶ 12. However, we reviewed and applied *Dangler*. *Craft* at ¶ 133-135. Moreover, his legal argument is incorrect.

{¶5} The rule itself provides the trial court shall determine if the pleading defendant "understands" various items. Crim.R. 11(C)(2)(a)-(c). Notably, the defendant's understanding under the totality of the circumstances on the subject is a standard consideration in ascertaining *the level of rule compliance* and is *not solely reserved for the prejudice analysis*. *See Craft* at ¶ 131-132, 148, citing *State v. Barker*, 2011-Ohio-4130, ¶ 25 (even in determining whether a defendant was fully advised of a constitutional right, which engenders no prejudice analysis, the Supreme Court instructed appellate courts to view the totality of the circumstances to determine his understanding), *State v. Veney*, 2008-Ohio-5200, ¶ 15-16 (where the Supreme Court evaluated the level of compliance by asking if under the totality of the circumstances, the defendant subjectively understood the implications of the plea and the rights waived, including the consequences of the waiver), and *State v. Griggs*, 2004-Ohio-4415, ¶ 10, 12, 16 (where the Supreme Court concluded although the rule provides one effect of the guilty plea is "a complete admission of the defendant's guilt" and the trial court did not specifically iterate this statement, the totality of the circumstances showed he understood this concept, while viewing the written plea form and oral assurances by the defendant).

{¶6} Appellant complains that we referred to statements by defense counsel when it was the trial court's duty to inform him and determine he understood the effect of his no contest plea. However, our observation was relevant to *Appellant's oral assurance*

in response to the court's questioning on whether he understood what his attorney interrupted the court to declare: that Appellant "would stipulate to the facts laid before the Court" and to the Court's finding of guilt and would not be waiving the right to appeal pretrial motions by entering the no contest plea. *Accord* Crim.R. 11(B)(2) (no contest plea is "admission of the truth of the facts alleged in the indictment . . . and . . . shall not be used against the defendant in any subsequent . . . proceeding"); *Craft* at ¶ 155-159. A literal recitation and precise verbiage is not required. *Craft* at ¶ 158, citing *State v. Miller*, 2020-Ohio-1420, ¶ 17, 21; *Dangler*, 2020-Ohio-2765, at ¶ 12. And, the signed agreement indicated his no contest plea was not an admission of guilt as contrasted to a guilty plea. *Accord* Crim.R. 11(B)(2) ("The plea of no contest is not an admission of defendant's guilt").

**{¶7}** On these topics, Appellant merely disagrees with (or ignores) our reasoning on the information relayed on the record to which the trial court pointed and to which Appellant agreed he understood. Mere disagreement with our reasoning, logic, and conclusions does not show an obvious error and is not a basis for reconsideration. *Simmons*, 2026-Ohio-1248, at ¶ 9 (7th Dist.).

**{¶8}** For the foregoing reasons, the application to reconsider is denied.

**{¶9}** Our reasoning on the particular facts of this case also distinguishes this case from those cited by Appellant in seeking App.R. 25(A) certification of a conflict. *See Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596 (1993) (a conflict cannot be certified unless a judgment is in conflict with the judgment of a court of appeals of another district on the same question and "the alleged conflict must be on a rule of law—not facts"). Within the same application as the one seeking reconsideration, Appellant alternatively moves to certify a conflict between his case and *State v. Buffington*, 2025-Ohio-2575 (4th Dist.), *Lakewood v. Hoctor*, 2023-Ohio-375 (8th Dist.), and *State v. Sanchez*, 2022-Ohio-2721 (3d Dist.). His application proposes the following question for certification: "Whether a trial court satisfies Crim.R. 11(C)(2)(b) when it fails to convey the substance of the effect of a no-contest plea as defined in Crim.R. 11(B)(2), but instead upholds the plea based on the totality of the circumstances." (Or, as subsequently expressed: "Whether an appellate court errs in upholding a no-contest plea based on the

totality of the circumstances when the trial court conveyed no language approximating the effect of the plea as defined in Crim.R. 11(B)(2).")

{¶10} However, the cases cited in moving for certification of a conflict did not involve the aforementioned additional acknowledgements and facts recited at the plea hearing to which Appellant informed the trial court he understood, and the cases did not contain a signed plea agreement explaining various other consequences of the plea and making it clear a no contest plea was different than a guilty plea, as it was not a complete admission of guilt.  *See Buffington* at ¶ 25 (and where the court did not address the misdemeanant including to ask whether or how he pled and there was no signed writing to review, it was concluded he did not actually enter a plea); *Hoctor* at ¶ 8 (8th Dist.) (failure to provide "any explanation" orally or in writing related to the effect of a misdemeanor no contest plea); *Sanchez* at ¶ 2, 8 (3d Dist.) (finding a lack of substantial compliance, instead of a lack of partial compliance, based on the lack of information relevant to the plea constituting an admission of the truth of the facts alleged in the indictment).  Nor did these cases say the totality of the circumstances on the defendant's understanding are prohibited from being considered in determining a partial versus a complete failure to comply with Crim.R. 11.  *See id.*

{¶11} Here, by asking if he understood his attorney's statements on the record and receiving Appellant's affirmative assurance, the trial court essentially addressed Appellant on the topic of a no contest plea resulting in the situation where he would "stipulate to the facts laid before the Court" and to the Court's finding of guilt and would not thereby waive the right to appeal the court's denial of his various pretrial motions by entering the no contest plea.  *Accord* Crim.R. 11(B)(2) ("admission of the truth of the facts alleged in the indictment . . .  and . . . shall not be used against the defendant in any subsequent . . . proceeding").  And, Appellant orally informed the court, when asked, that he reviewed and signed the written plea agreement, which explained other consequences of the no contest plea and made it clear it was not an admission of guilt as distinct from a guilty plea.  See *Id.*  (The plea of no contest is not an admission of defendant's guilt).

{¶12} "Factual distinctions between cases do not serve as a basis for conflict certification."  *Whitelock* at 599.  The issue proposed for certification must be dispositive of the case.  *State v. Age*e, 2017-Ohio-7750, ¶ 4 (7th Dist.), citing *State ex rel. Davet v.*

*Sutula*, 2012-Ohio-759, ¶ 2.   Due to the distinctive facts related to Appellant's plea, a conflict appropriate for certification is not apparent.[1]   Accordingly, the motion to certify a conflict is overruled.

{¶13} For the foregoing reasons, Appellant's application to reconsider and motion to certify a conflict are denied.

**JUDGE CAROL ANN ROBB**

**JUDGE CHERYL L. WAITE**

**JUDGE KATELYN DICKEY**

<u>NOTICE TO COUNSEL</u>

This document constitutes a final judgment entry.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

---

[1] We also note where the Ohio Supreme Court "ma[d]e a pronouncement as to the particular principle of law involved," certification of a conflict among the districts on a principle is not appropriate because after the Supreme Court "has established the rule, any such conflict with a decision of another Court of Appeals is of no consequence." *Whipp v. Indus. Comm. of Ohio*, 136 Ohio St. 531, 533 (1940). As explained above in denying reconsideration, the Ohio Supreme Court regularly considers the totality of the circumstances in evaluating compliance with Crim.R. 11. *See, e.g., Barker* at ¶ 25; *Veney* at ¶ 15-16; *Griggs* at ¶ 10; *see also State v. Clark*, 2008-Ohio-3748, ¶ 31-32 (in determining whether the court partially complied or failed to comply with the rule, the Court said to evaluate whether the totality of the circumstances indicate the defendant subjectively understood the implications).

<u>Case No. 25 MA 0064</u>